## Charles S. Zatlin v. Ida M. Davenport.

1. INSTRUCTIONS—*Held to Fairly Present the Issue Involved.*—The court holds in this case that while some of the instructions given to the jury were not as carefully drawn as they might have been, and while one or more of the refused instructions might have been properly given, that on the whole, the jury were fairly instructed by the trial court and that the verdict was a reasonable determination of the issue, from a consideration of all the evidence in the record.

2. CONTRACTS—*When Suit May be Brought for Breach of.*—When a party agrees to do an act at a future day, and before the day arrives declares he will not keep his contract, the other party may act on this declaration, and bring an action for a breach of the contract before the time for its performance arrives.

**Assumpsit,** for breach of promise of marriage. Error to the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

J. R. & WALTER EDEN and J. B. SEARCY, attorneys for plaintiff in error.

HARBAUGH & WHITAKER, attorneys for defendant in error.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

About the middle of April, 1895, Ida M. Davenport, an unmarried woman, went to Palmyra, Macoupin county, to visit her sister-in-law, who lived there; she remained there the most of the time, until about June 6, 1895. Shortly after she came to Palmyra she became acquainted with Charles S. Zatlin, an unmarried man, who was a merchant there. This man and woman were frequently together during that time, and they agreed to get married about the first Wednesday in September, 1895. About the second week in May, 1895, these parties commenced having sexual intercourse, from which she became pregnant. Upon Miss Davenport discovering in the early part of June, 1895, that she was with child, she in-

formed Mr. Zatlin of that fact, and requested him to marry her at once; but he refused to marry her then, and told her "he would never marry her." On June 27, 1895, Miss Davenport commenced this suit in the Circuit Court of Moultrie County, against Mr. Zatlin, for a breach of promise of marriage, alleging seduction in aggravation of damages. Mr. Zatlin by his plea filed, and in his evidence given on trial, denies ever promising to marry Miss Davenport, and swears he never had sexual intercourse with her. On the trial of this case, the jury found by their verdict for Miss Davenport and assessed her damages at $500. Upon which verdict the trial court rendered judgment. From that judgment Mr. Zatlin, the plaintiff in error, brings this case to this court, and asks that the judgment of the trial court be reversed, because that court erred in its rulings in excluding and admitting evidence, over his objections, and in giving and refusing instructions to the jury; because this suit was prematurely brought; because there is a variance between the evidence and the facts averred in the declaration; and because the verdict and judgment are contrary to the law and the evidence.

After a careful consideration of the record in this case, we are of opinion that the plaintiff in error ought not to complain of the trial court in its rulings on the evidence, when all of the rulings are carefully examined; and while some of the instructions given to the jury were not as carefully drawn as they might have been, and one or more of the refused instructions might have been properly given, yet on the whole, we think, the jury were, by the trial court fairly instructed; and the verdict and judgment, are a reasonable determination of the issues in this case, from all the evidence in this record. As to the verdict and judgment being against the weight of the evidence, we think there is sufficient evidence in the record to support the verdict returned and the judgment rendered, and while on the vital issues in this case, there is a square conflict in the evidence, yet the jury and trial judge who saw the witnesses and observed their manner, were better enabled to say on which

side the truth lay than we are, from reading the record, hence we will not disturb their findings and judgment on that account.

The contention of the plaintiff in error, that this suit was prematurely brought, and that there is a variance between the facts set out in the declaration and the evidence, presents to us the most difficult questions to determine in this case.

We find on the trial of this case in the court below, at no time did plaintiff in error object to any evidence that was taken or offered, because it varied from the facts averred in the declaration; the first time he complained to the trial court in this regard, was in his motion for a new trial; but even if he was then in apt time, we think under the law, after verdict, the evidence sufficiently fits the declaration to sustain the verdict and judgment.

Lastly, was this suit prematurely brought? Upon examination of the authorities cited by plaintiff in error (and other cases we found, upon investigating this question), we find that while there is not a uniform sameness in the holdings of the courts of last resort, in this country and elsewhere, on this question, yet we think the better reasoning is with the courts holding that when a party agrees to do an act at a future day, and before the day arrives, declares he will not keep his contract or do the act, that the other party may act on the declaration, and bring an action for the breach before the day arrives. Bishop on Contracts, edition of 1887, Sec. 1429, p. 580, and cases cited; Beach on Modern Contract Law, Secs. 409 to 412 inclusive, and cases cited; Frost v. Knight, 7 L. R. C. Ex. 111; Watson A. Fox v. Charles G. Kitton, 19 Ill. 519; L. J. Kadish et al. v. A. N. Young et al., 108 Ill. 170; Lake Shore & Michigan Southern Ry. Co. v. Edward S. Richards, survivor, 152 Ill. 59.

Therefore, when Miss Davenport was told by Mr. Zatlin, about June 24, 1895, "that he would not then, or at any time marry her," she had a right to bring suit against him, as she did, on June 27, 1895; notwithstanding his promise

was to marry her on the first Wednesday in September, 1895.

Finding no reversible error in this record, we affirm the judgment of the Circuit Court of Moultrie County in this case.    Judgment affirmed.