### M. N. Hull v. Jesse Croft.

#### Gen. No. 4,786.

1. CONTRACT—*when suit for breach may be instituted.* When a contracting party gives notice of his intention not to comply with the obligations of the contract, the other contracting party may accept such notice as to anticipatory breach, and if he accepts it as such and considers the contract at an end, he may sue for damages without waiting for the completion and fulfillment of such contract by its terms.

2. JUDICIAL NOTICE—*taken of abbreviations used in describing land.* Courts take judicial notice, without proof, of the meaning of the initials and abbreviations usually used in the description of land, and if evidence is necessary to explain abbreviations, extrinsic evidence may be heard for that purpose.

Assumpsit. Appeal from the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907.

D. R. ANDERSON, for appellant.

E. L. CLOVER, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court.

Appellant began this suit February 5, 1904, to recover of appellee damages for breach of contract in re-

pudiating and refusing to carry out a contract of lease of appellant's farm in Brule county, South Dakota. The declaration sets up the making of a lease on February 1, 1903, by which Hull leases to Croft land described as the "N. E. 1/4, 2-68-103, N. E. 1/4 and S. 1/2, 1-68-103, N. W. 1/4, 7-67-103, and N. W. 1/4, 12-68-103, Brule county, S. D.," from the first day of April, 1904, to the first day of April, 1907, at an annual rental of $627.30, payable one-half October 1 and one-half March 1 of each year during the term of the lease. It avers that plaintiff was ready and willing to perform his covenants, and that he requested the defendant to perform his, but that the defendant renounced and repudiated his promises and agreements, and notified plaintiff that he did not intend to, and would not perform any of his agreements, and plaintiff accepted said notice as a repudiation of said agreements to the damage of plaintiff of $2,000. Pleas of the general issue and fraud of circumvention were filed, upon which issue was joined. At the close of plaintiff's evidence the court excluded all the evidence, and instructed a verdict for the defendant.

The only question to be decided by this court is, was there error in excluding the evidence and directing a verdict. The suit was brought before the time for taking possession under the lease had arrived. Plaintiff proved the making of the lease and the repudiation of it, and notice thereof to plaintiff before the beginning of the suit. When a contracting party gives notice of his intention not to comply with the obligation of the contract, the other contracting party may accept such notice as an anticipatory breach, and if he accepts it as such and considers the contract at an end, he may sue for damages without waiting for the completion and fulfillment of such contract by its terms. Shields v. Carson, 102 Ill. App. 39, and cases there cited.

A question is raised over the description of the property leased. The lease describes the property as

"N. E. ¼ 2-68-103, N. E. ¼ and S. ½, 1-68-103, N. W. ¼ 7-67-103 and N. W. ¼ 12-68-103, Brule county, S. D." The proof shows that appellant does not own the northeast quarter of section 2, in township 68, range 103, etc., but the land owned by appellant is the northeast quarter of section 2, in township 103, range 68, etc. The customary method in describing lands by government survey is to first give the number of the township and then the number of the range. Courts take notice without proof of the meaning of the initials and abbreviations usually used in the description of lands, and if evidence is necessary to explain abbreviations extrinsic evidence may be heard for that purpose. Kile v. Yellowhead, 80 Ill. 209; Paris v. Lewis, 85 Ill. 597. The proof shows that there is neither any township 67 or 68 nor any range 103 in Brule county, South Dakota, but there is a township 103 with ranges 67 and 68. It is also shown that at the time the lease was made, appellant owned the particular pieces of land in township 103 in ranges 67 and 68 near Kimball, in Brule county, South Dakota, that are described in the lease, if the numbers in the lease first give the range and then the township. The appellee before the lease was executed had been in Brule county, and examined the lands of appellant, and appellee owned some land in one of the townships that some of appellant's land intended to be leased to him was located. At appellee's request a lease of the land to a brother of appellant was cancelled that it might be leased to appellee. When the lease was made a map of Brule county was before the parties that had the numbers of the townships and ranges on the margin, and the lands that were to have been leased were pointed out at that time and on other occasions while the making of the lease was under discussion. The title deeds to Hull were exhibited to arrive at the amount of rent, which was to be six per cent. of the cost of the land. It was held in Dougherty v. Purdy, 18 Ill. 206, in an ejectment case, that where there is a

latent ambiguity in a description in a conveyance the defect may be obviated by proof and the deed is not void for uncertainty. This case was followed in Clark v. Powers, 45 Ill. 283, where it is said it has become a rule of property that a latent ambiguity may be explained by parol testimony. The rule is that proof of independent and extraneous facts collateral to the instrument may be admitted, when the language of the instrument is vague and ambiguous, so that the deed may be interpreted according to the intention of the parties, not that such evidence may enlarge or diminish the estate granted, but identify the subject-matter on which it operates. Marske v. Willard, 169 Ill. 276; 1 Ency. of Ev. 835. Extrinsic evidence was admissible to show that there was no township 67 or 68 or range 103 in Brule county, South Dakota, and following the rule announced it was competent to show or identify by similar evidence which of the numbers described the town and range, when the instrument did not itself specify to which they were applicable. It was erroneous to exclude the evidence and direct a verdict for appellee, and the case because of this error is reversed and remanded.

*Reversed and remanded.*