EDWARD A. SIEMANS, Plaintiff and Counterdefendant-Appellee, *v.* ALAN THOMPSON, Defendant and Counterclaimant-Appellant—(THOMPSON MOTOR SALES, INC., Defendant-Appellant.)

(No. 72-227;

Third District—May 29, 1973.

Robert D. McKnelly, of Watseka, for appellants.

Paul T. Manion, of Hoopeston, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by defendants-appellants Alan Thompson and Thompson Motor Sales, Inc. from a decree of the Circuit Court of Iroquois County in which Edward Siemans, plaintiff-appellee, was granted equitable rescission of a contract.

On October 1, 1968, defendant Thompson, the sole stockholder of the defendant corporation, entered into a contract with the plaintiff whereby defendant Thompson granted to plaintiff the right to purchase up to 49 percent of the outstanding stock of the defendant corporation in return for plaintiff's payment of $6,000. Plaintiff agreed to purchase 245 shares for the total sum of $49,000, excluding the $6,000, and agreed to pay $7,000 yearly on each October 30th plus interest on the unpaid balance. Pursuant to the contract, plaintiff was employed full time by the corporation and was to assist in the management of the business. The contract provided for equal salaries of not less than $1,000 per month, for plaintiff and defendant, plus quarterly bonuses.

Plaintiff began working for the corporation on September 26, 1968, received a salary of $1,000 per month in 1968 and the first ten months of 1969 and also received the bonuses to which he was entitled. In the fall of 1969 the corporation's cash balance was extremely low. Plaintiff refused to sign a written request by the defendant to refrain from drawing his salary in order to help the cash position of the corporation. Under such proposal, payment for plaintiff's services would be only the quarterly bonus. Prior to November 1, 1969, defendant Thompson informed plaintiff that both of their salaries would not be paid until the cash position of the corporation was improved.

On December 12, 1969, plaintiff served notice of termination of the contract to defendant and thereafter filed this suit seeking equitable rescission of the contract and the recovery of the value of his services for the period he worked and received no salary. Defendant Thompson counterclaimed for damages for breach of contract alleging plaintiff refused to purchase stock and pay interest as agreed in the contract, an interest payment being due on October 30, 1969.

The court, following an advisory verdict by a six-man jury, entered a decree in favor of plaintiff as to both the complaint and the counterclaim. The court found that the provisions relating to employment and to the right to purchase stock were indivisible and that neither existed independent of the other; that defendant unilaterally extinguished the employment aspect of the contract without sufficient cause which constituted a material and substantial breach of the contract; and that plaintiff was entitled to rescission. To put the parties in status quo, plaintiff recovered $6,000, the amount he had paid to defendant for the option to purchase stock and also the sum of $1,400 from the corporation on a *quantum meruit* basis for services rendered.

Defendant contends the court erred in finding the breaches were substantial and the contract was indivisible and contends also the plaintiff's breach should bar any recovery. We are of the opinion that the trial court's findings that there was a material and substantial breach by the defendant, and that the contract provisions as to employment and purchase of stock are inseparable, are based upon sufficient evidence.

■■ The plaintiff was working full time and devoting his full efforts to the business pursuant to the contract. After November 1, he no longer received compensation for his services. There was no promise of when salary would be resumed and no attempt by defendant to borrow money in order to meet the obligations of the corporation. Defendant, who owned the real estate, which was leased to the defendant corporation, continued to receive rent and in fact he increased the rental payments from $600 to $650 per month. Plaintiff was also deprived of his managerial rights when defendant revoked his contractual right to draw checks on the corporation account. Even though defendant claimed the cessation of salary was temporary and insignificant, we believe there is ample evidence from which the trial court could infer the failure to pay was deliberate, indefinite and substantially affected the relation between the parties.

■■ From the evidence it appears that the parties' agreement was intended to be inseparable since one intending to purchase a share of a business and to help manage, operate and obtain his livelihood from that business would hardly have an interest in the purchase provision if he was deprived of his status of employee-manager. The questions of substantiality of the breach and divisibility of a contract are decided by the trier of fact. It is our opinion that it cannot be said that the circuit court's findings were against the weight of the evidence as a matter of law.

Although the trial court's finding on the counterclaim is not explicitly stated, it was apparent from the evidence that the plaintiff's failure to pay interest on October 30 was not a breach barring his recovery. Plaintiff was

told by the defendant prior to October 30 that he was not going to receive salary starting November 1 and this justified the plaintiff's act in terminating his obligation under the contract.

■■ Finally, the defendant contends the plaintiff had an adequate remedy at law and therefore a court of equity had no jurisdiction to grant relief. According to the rule in Illinois, when there is a substantial breach by one party to a contract the other party has the right to rescind the contract and to be restored to his former status. (*Sampson v. Marra*, 343 Ill.App. 245, 98 N.E.2d 523, *12 I.L.P. Contracts*, sec. 347.) In order that the plaintiff obtain full and complete relief, he sought to have the contract set aside by judicial action which only a court of equity can accomplish. Any money damages he could have recovered in a court of law would not have been adequate since his main concern was to have the contract cancelled and rescinded. Only in this manner could the whole controversy concerning the contract be settled once and for all.

For the foregoing reasons, the judgment of the Circuit Court of Iroquois County is affirmed.

Judgment affirmed.

ALLOY, P. J., and DIXON, J., concur.