RICHARD T. STONECIPHER et al., Plaintiffs-Appellees, v. ARNOLD A. PILLATSCH et al., Defendants-Appellants.

(No. 74-100;

Second District (1st Division)—July 17, 1975.

Eugene S. Griffin, of Murphy, Griffin & Dixon, of Aurora, for appellants.

Robert L. Speers, of Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiffs filed a small claim action seeking repayment of a $1,000 earnest money deposit paid under a written contract to purchase real estate from the defendants. Judgment was entered in a bench trial in the plaintiffs' favor, and the defendants appeal.

The disputed issue is whether the sellers were guilty of an anticipatory breach of the contract, thereby entitling the purchasers to rescind the written agreement and to regain the earnest money deposit.

Defendants concede that acts and conduct which leave no question that a party would not perform as provided for in an agreement as to the date specified for delivery of possession would constitute an anticipatory breach which would permit the other contracting party to treat the agreement as ended. They deny, however, that their conduct here manifested a clear intention to breach the contract.

From our review of the record we conclude that there was substantial credible evidence to support the judgment.

The contract to purchase the home of defendants for the sum of $29,500 was entered into in February of 1972 and provided for a possession date of July 1, 1972. In early June defendants asked to have the possession date extended because of delays in the construction of a home they were having built. Plaintiffs orally agreed to a possession date of July 15 subject to the approval of their landlord. Defendants testified that the possibility of an August 1 possession date was also discussed at that time and stated that it was left to them to inform plaintiffs' landlord as to the agreed extension. The plaintiffs, however, contradicted this and testified that there was no discussion of an August 1 possession date and that they first became aware of it when their landlord told them he had heard they were not moving out of the apartment until August 1.

The plaintiffs testified that upon learning of the August 1 extension date they immediately went to the Pillatsch residence to request that defendants be out of the home by July 1 as provided in the written agreement. Defendants told them that they could not be out until August 1, and plaintiffs replied by demanding return of their earnest money deposit. Defendants refused this request and again repeated that they would not be out until August 1. Plaintiffs then consulted an attorney.

Defendants testified that they attempted to set up a further meeting to discuss the extension with the plaintiffs, but when this failed, they contacted their attorney. On June 16 plaintiffs received a letter from defendants' attorney which stated that defendants were tendering possession on the July 1 date specified in the agreement. Mrs. Stonecipher testified that she considered the contract to have been breached prior to the receipt of this letter. Plaintiffs filed their complaint on August 31, 1972, with apparently no other communications between the parties in the interim.

Defendants argue that their acts and conduct as to a proposed extension date were merely proposals and not a final indication that they would not perform. Plaintiffs contend, however, that at the last meeting between the parties, defendants were quite final in their insistence upon an August 1 possession date. Accordingly, plaintiffs treated this conduct as a distinct repudiation of the contract and demanded a refund of their earnest money deposit. By so communicating their election to rescind the contract, plaintiffs argue that defendants were thus bound to the repudiation.

■■ When a party bound by an executory contract gives notice of his intention not to comply with his obligations, the other contracting party may accept such notice as an anticipatory breach and treat the contract as ended without waiting for the completion of the contract by its terms. (See *Lake Shore & Michigan Southern Ry. Co. v. Richards* (1894), 152 Ill. 59, 80; *Hull v. Croft* (1907), 132 Ill. App. 509, 510. See also *Decatur Cemetery Land Co. v. Bumgarner* (1972), 7 Ill.App.3d 10, 12-13; *Zatlin v. Davenport* (1897), 71 Ill.App. 292, 294; Corbin on Contracts, § 959, at 940-941 (1952).) In order to justify the adverse party in treating a renunciation as an anticipatory breach of a contract there must be a definite and unequivocal manifestation of intention that the party will not render the promised performance when the time fixed for it in the contract arrives. (Corbin on Contracts § 973, at 960 (1952); Williston on Contracts § 1322, at 130 (3d ed. 1968). See also *Palmiero v. Spada Distributing Co.* (9th Cir. 1954), 217 F.2d 561, 566.) A definite statement to the promisee that the promisor either will not or cannot

perform the contract will operate as an anticipatory breach. (Corbin on Contracts § 959, at 941; Williston on Contracts § 1322, at 134.) On the other hand, doubtful and indefinite statements that the performance may or may not take place or mere requests to change the terms of a contract are not, in and of themselves, enough to constitute repudiation. (Corbin on Contracts § 973, at 960; Willison on Contracts § 1322, at 133.) The construction of an oral contract and the acts and conduct of a party as modifying a written contract are matters for the trier of fact, and decisions reached on these issues are not to be disturbed unless contrary to the manifest weight of the evidence. See *Palmiero v. Spada Distributing Co.* (9th Cir. 1954), 217 F.2d 561, 565; *Siemans v. Thompson* (1973), 11 Ill. App. 3d 856, 858; *Sampson v. Marra* (1951), 343 Ill. App. 245, 256.

■■ In the case before us there was evidence from which the judge could properly conclude that the plaintiffs had not agreed to an August 1 extension; that the defendants insisted on the August 1 date at the last meeting between the parties; and that at that meeting the plaintiffs accepted the repudiation of the agreement and evidenced their acceptance by a demand for the return of their earnest money deposit which the sellers refused. At the time the parties met there could have been no doubt as to the finality of defendants' intention to remain in their home past the contract date. Defendants' statements to that effect thus represented an anticipatory breach of contract, and, since plaintiffs then elected to rescind, defendants' subsequent actions can have no bearing on the case.

Defendants argue that it is significant that plaintiffs never tendered any portion of the $3,000 payment due under the contract upon delivery of possession. After repudiation of the contract had been accepted however, it was unnecessary for plaintiffs to make a further tender of any sums since the contract was properly treated as at an end.

We affirm the judgment.

Affirmed.

GUILD and HALLETT, JJ., concur.