(No. 30530.—

NICK GEORGEOFF, Appellant, *vs.* VERA SPENCER, Appellee.

*Opinion filed May 20, 1948.*

JACOBY, PATTON, MANNS & COPPINGER, (JOHN F. MC-GINNIS, of counsel,) both of Alton, for appellant.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, Nick Georgeoff, filed a complaint in the city court of Alton against Vera Spencer, to cancel a certain contract purporting to be an agreement for the sale of property located at No. 109 Illinois Avenue, in Alton, and to declare Vera Spencer occupies said premises as a tenant, and not under a contract of sale. Appellee, Spencer, answered, claiming she and her husband, lately deceased, as supervisor of God's Voice Spiritual Association, Inc., had a contract to purchase said property by paying $5 per month, or more, until $200 had been paid, after which specific arrangements would be made for a contract satisfactory to both parties. Her answer also discloses that the husband, Joseph Spencer, is dead. She also filed a counterclaim to the effect that she and her husband had paid on the purchase price $1165, while in possession as contract purchasers, and that she is entitled to a deed upon the payment of $235, and prayed for a decree to that effect.

The plaintiff filed a reply denying all of the matters set forth in the answer and in the counterclaim. Upon a hearing the chancellor upheld the claim of the defendant that she was a purchaser under said contract and entitled to a deed upon the payment of the sum of $530 instead of $235, and entered a decree ordering plaintiff to convey said property to appellee, Vera Spencer, within ten days upon the payment of said sum found to be due him, or in case he failed to make such deed, that a special master in chancery be ordered to execute said deed; and further adjudged and decreed that the court retain such jurisdiction of the parties and of the subject matter as may be necessary to carry out the terms of the decree. The court having decreed a conveyance of the title to real estate, a freehold is involved, which gives this court jurisdiction on direct appeal.

It will be observed that neither Joseph Spencer, nor his heirs, executors, administrators, or assigns are made parties to the suit; nor is God's Voice Spiritual Associa-

tions, Inc., made a party. In the counterclaim the only party is Vera Spencer, and she does not disclose what has become of the interests of Joseph Spencer or of God's Voice Spiritual Association, Inc., who appear to be interested either directly or incidentally in the subject matter of said contract. Certainly Joseph Spencer, or his representatives, are necessary parties, not only because he appears to have signed the contract, but also because the pleadings disclose he paid a part of the money found by the court to have been paid upon the contract. It also appears that God's Voice Spiritual Association, Inc., has some interest in the premises, since the complaint alleges that part of the work done in improving the said premises has been done by members of that association.

The rule is well settled that if lack of proper parties is brought to the attention of the court, be it one of ordinary or appellate jurisdiction, the court should not proceed further in the matter until the omission has been corrected, even though no objection is made by any party litigant. (*Gerard* v. *Bates,* 124 Ill. 150; *Abernathie* v. *Rich,* 229 Ill. 412.) It is also the general rule of equity pleading "that all persons should be made parties who are legally or beneficially interested in the subject matter and result of the suit so that a complete decree may be made between them." *Texas Co.* v. *Hollingsworth,* 375 Ill. 536.

From the facts appearing upon the face of the complaint and counterclaim it is apparent that the assignees, representatives, or heirs of Joseph Spencer are persons who have an interest in the subject matter of the lawsuit. It also appears that God's Voice Spiritual Association, Inc., may have a beneficial interest of some sort. These are necessary and essential parties to the litigation. It has also been said that a necessary party is one who has such an interest in the matter in controversy that it cannot be determined without either affecting that interest or leaving the interest of those who are before the court in a

situation that might be embarrassing and inconsistent with equity. *Commonwealth Trust Co. of Pittsburgh* v. *Smith,* 266 U.S. 152, 69 L. ed. 219.

When omission of necessary parties is noted the ordinary procedure is for the court to stop further proceedings. (*Texas Co.* v. *Hollingsworth,* 375 Ill. 536; *McMechan* v. *Yenter,* 301 Ill. 508.) The chancellor erred in undertaking to pass upon the merits of the case when necessary parties to relief upon the complaint, as well as upon the counterclaim, were not before the court.

The decree of the city court of Alton is reversed and the cause remanded to that court at the costs of appellant, with directions to grant plaintiff and defendant leave to make all necessary interested persons parties to the proceedings, and to stay all action in the case until all persons having an interest in the subject matter of the suit are before the court, and that if said parties do not take such action within a reasonable time the complaint and counterclaim be dismissed.

*Reversed and remanded, with directions.*