JAMES WITVOET *et al.*, Plaintiffs and Counterdefendants-Appellants, *v.* MIKE BERRY, Defendant and Counterplaintiff-Appellee.

Third District    No. 76-25

Opinion filed January 28, 1977.—Rehearing denied February 22, 1977.

James A. Witvoet, of St. Anne, for appellants, *pro se.*

Jerry B. Lucas, of Kankakee, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from a case filed in the small claims court of Kankakee County. James Witvoet and Beverley Witvoet, hereinafter referred to as the plaintiffs, sought to recover damages or one dog from Mike Berry, hereinafter referred to as the defendant. The plaintiffs' action was predicated upon a breach of contract in that the plaintiffs would provide certain female Irish Wolfhound dogs to the defendant, who would see to it that stud services were performed. Several arrangements were entered into between the plaintiffs and defendant as to the distribution of the pups resulting from the breeding and these

arrangements were contingent upon the number of pups in each litter. A more detailed recitation of the agreements entered into between the plaintiffs and the defendant will be set out when they become pertinent to the issues presented in this appeal.

Procedurally, the plaintiffs filed their complaint on October 18, 1974, and the cause was set for trial on January 28, 1975. A motion to dismiss the complaint was filed by the defendant on January 9, 1975, which was set for hearing on January 23, 1975. On this latter date the defendant requested a continuance on the hearing of the motion to dismiss and for a new trial date setting. No objections were interposed by the plaintiffs and March 6, 1975, was set for a hearing on the motion to dismiss and for trial of the case. The plaintiffs asked leave to file amended complaint. No objections were made and amended complaint was filed January 23, 1975. On March 6, 1975, defendant requested leave to file counterclaim. No objections were interposed and leave was granted to file counterclaim within 10 days. It was also on this date that pursuant to stipulation the court ordered the issues to be heard without limitations due to the terms of the small claims act and that all matters arising in law or equity regardless of jurisdictional amount should be heard by the court. It was further agreed by the parties that no answer need be filed to the amended complaint or counterclaim and that all matters alleged in these pleadings were deemed to be denied. The case was set for trial on March 20, 1975.

The counterclaim of the defendant in substance set forth a breeding arrangement for certain dogs and an agreed disposition of the pups contingent on the size of the litters. The counterclaim further alleges that the pups contracted numerous diseases, resulting in increased cost of boarding, veterinarian bills, loss of animals, all to the defendant-counterplaintiff's damage in a total sum of $3,162.50. An answer to this counterclaim was filed by the plaintiff-counterdefendants.

After more continuances, evidence in the case was heard on July 10, 1975, and on July 24, 1975, and the case was taken under advisement by the trial court.

On October 24, 1975, the trial court entered an order finding the issues in favor of the defendant on the complaint and in favor of the counterplaintiff on the counterclaim and ordering an award to the counterplaintiff against counterdefendants in the sum of $1500 plus costs of suit.

After several post-trial motions, including a motion by the plaintiffs requesting that the trial court give reasons for its decision, and which was denied, this appeal ensued.

The plaintiffs, representing themselves per se both at the trial court level and in this appeal, raise seven issues for review. Those issues are as follows:

"1. Whether or not the trial court correctly ruled in favor of the appellee on October 14, 1975.

2. Whether or not the appellants owe appellee any money for costs of board and care and vet bills.

3. Whether or not the appellants owe the appellee any money for five pups that they allege that they are entitled to.

4. Whether or not appellee owe the appellants $500.00 for one pup.

5. Whether or not the appellee filed a timely Countercomplaint.

6. Whether or not the trial court properly denied appellants request for a Brief statement of his reasons for his decision.

7. Whether or not the plaintiff and Counterdefendant received justice or in other words was the trial court prejudice and bias."

■■ The first, second, third and fourth issues raised by the plaintiffs in substance question the correctness of the trial court's ruling in favor of the defendant on his counterclaim. These issues should be combined and rephrased by contending that the trial court's ruling was against the manifest weight of the evidence. No useful purpose would be served should this court attempt to recite in detail the evidence and then analyze the same. The trial judge had the opportunity to observe the witnesses, their manner and demeanor. It is within the province of the trial court to judge the appearance of the witnesses, to weigh their testimony and to conclude whether the evidence preponderates in favor of the plaintiff or defendant. (See *Hudson v. Leverenz* (1956), 9 Ill. App. 2d 96, 132 N.E.2d 427.) Where the evidence is merely conflicting a reviewing court will not substitute its judgment for that of the trial court. (See *People v. Dillon* (1962), 24 Ill. 2d 122, 180 N.E.2d 503.) In examining the evidence in the instant case we cannot determine that the trial court's ruling in favor of the defendant on his counterclaim was against the manifest weight of the evidence.

■■ Issue number five is whether or not the appellee (defendant) filed a timely countercomplaint (*sic*). It is clear from the record that on March 6, 1975, the defendant asked for leave to file a counterclaim, that no objections were interposed and leave was granted. Having failed to object to the filing of the counterclaim the plaintiff cannot now raise the timeliness of its filing in this appeal.

■■ Issue number six raised by the plaintiffs is whether the trial court properly denied the plaintiffs' request for a brief statement of reasons for his decision and correlated with this issue is the final one raised by the plaintiffs, to-wit, whether or not the plaintiffs received justice or was the trial court guilty of bias and prejudice. The trial court did not commit error in denying the plaintiffs' request for reasons upon which the court predicated its decision. Findings of fact are not necessary to support a

decree in a bench trial at law. (See *Watson v. Auburn Iron Works* (1974), 23 Ill. App. 3d 265, 318 N.E.2d 508; also *Smith v. Smith* (1962), 36 Ill. App. 2d 55, 183 N.E.2d 559.) In examining the record we find it devoid of any ruling, conduct, utterance or statement on the part of the trial judge which could in any way be interpreted as reflecting bias or prejudice against the plaintiffs. A presumption exists in the favor of the regularity of the proceedings in the trial court and this presumption will obtain until overcome by a showing that error has been committed. (See *Smith v. Smith* (1962), 36 Ill. App. 2d 55, 183 N.E.2d 559, and *People ex rel. Williams v. Glasgow* (1922), 301 Ill. 394, 134 N.E. 19.) A bald statement on the part of the plaintiff that the trial court was biased or prejudiced does not and will not impress a reviewing court. Such a statement must be accompanied by specific facts of misconduct or trial irregularities supplied by the accuser before such an issue has any merit. In the instant case the plaintiffs have failed to supply such facts or irregularities and we fail to glean any from the record.

■■ While we quarrel not with the decision of the trial court we do harbor doubts as to the correctness of the amount of damages granted to the defendant. It is clear from the record that a serious conflict existed as to the value of the Irish Wolfhound dogs. Some of the offspring died and others became diseased, and unquestionably the defendant incurred unanticipated boarding and veterinarian expenses. The defendant is entitled to damages, but we deem the award of $1500 to be excessive. We therefore find that there should be a remittitur in the sum of $1000, and if the defendant-appellee will file a remittitur in the court on or before 30 days from the date of the receipt by counsel for defendant-appellee of a certified copy of this opinion, judgment will be entered in this case in the sum of $500; otherwise, this case is to be remanded to the Circuit Court of Kankakee County for a new trial.

Affirmed upon remittitur, otherwise reversed and remanded.

STENGEL, P. J., and BARRY, J., concur.