JOHN VAN WALSEN, Plaintiff-Appellee and Cross-Appellant, v. CARL BLUMENSTOCK, Defendant-Appellant and Cross-Appellee.—(MIKE ELLET, Defendant-Appellee.)

Fifth District   No. 78-123

Opinion filed December 11, 1978.

---

William L. Broom, III, and Sharon L. Sigwerth, both of Barrett, Morris & Broom, of Carbondale, for appellant.

No brief filed for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant, Carl Blumenstock, appeals from a decision of the circuit court of Jackson County, finding him liable to Mike Ellet for the amount of his services required to upgrade defendant's faulty plumbing repair on plaintiff John Val Walsen's home. Plaintiff originally instituted this action in small claims court for breach of an oral contract. After conducting an evidentiary hearing on November 15, 1977, the court requested briefs

from the parties and took the case under advisement. Thereafter on December 14, 1977, the court *sua sponte* ordered that Ellet be brought in as a party pursuant to section 25 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 25). On December 29, 1977, a second hearing was held at which time Ellet appeared in either the capacity of plaintiff or defendant-counterplaintiff and testified concerning a mechanic's lien which he had perfected against plaintiff's house. At the conclusion of the hearing the court found that no contractual arrangement existed between plaintiff Van Walsen and defendant Blumenstock, but that an agreement had been entered into between Ellet and defendant Blumenstock. The court held that defendant was indebted to Ellet in the amount of $787.02 and that, upon satisfaction of the judgment, the lien be lifted from the Van Walsen property.

Defendant contends on appeal that the court improperly joined Ellet as a party to the law suit and that the court further erred in granting judgment on an issue not presented to it, in granting judgment without a hearing on the merits and in failing to designate whether Ellet was joined as a party plaintiff or a party defendant.

■■ Plaintiff's small claims complaint alleged that defendant was indebted to him in the sum of $787.02 for "breach of oral contract to pay for necessary costs of correcting plumbing code violation occasioned by the defendant's defective work." Appellant has neither included a transcript of the November 15, 1977, evidentiary hearing nor a certified bystander's report of those proceedings. While we do not encourage such practice on the part of appellants, the principal issue raised on appeal involves primarily a question of law rather than fact. Furthermore, the report of the December 29, 1977, hearing, which is reproduced in the record, includes a cursory synopsis of the previous testimony by the court; thus, we shall review the trial court's action in joining Ellet as a party to the controversy. *Continental Paper Grading Co. v. Fisher*, 3 Ill. App. 2d 118, 120 N.E.2d 577.

Following the November 15 hearing in this cause, counsel were directed to submit memoranda of law, which documents were duly filed in the trial court. These memoranda recite facts pertinent to the case, and to the extent that they are consistent, we shall consider them in reaching our decision. (*Kahn v. Deerpark Investment Co.*, 115 Ill. App. 2d 121, 253 N.E.2d 121.) After hearing testimony from plaintiff, defendant, Ellet and a state plumbing inspector and after considering trial memoranda, the court on its own motion ordered that Ellet be joined as a party in this suit in order to "terminate these proceedings once and for all."

Section 25 of the Civil Practice Act provides in pertinent part:

"(1) If a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to

be brought in. If a person, not a party, has an interest or title which the judgment may affect, the court, on application, shall direct him to be made a party." Ill. Rev. Stat. 1977, ch. 110, par. 25(1).

Defendant contends that since neither he nor plaintiff requested joinder of Ellet as a party, and since Ellet neither met the test for a necessary party nor made application for intervention, the court could not properly order him joined. Defendant reasons that this statute allows the court discretion to join a party only when that party is "necessary" to reach a determination in a controversy. We disagree. "Necessary party" has been variously defined by Illinois courts as "one who has such an interest in a matter in controversy that it cannot be determined without either affecting that interest or leaving the interest of those who are before the court in a situation that might be embarrassing and inconsistent with equity." (*Georgeoff v. Spencer*, 400 Ill. 300, 302-03, 79 N.E.2d 596.) In *Keehner v. A. E. Staley Manufacturing Co.*, 50 Ill. App. 3d 258, 365 N.E.2d 275, we reviewed the tests for determining if a party is a necessary party:

> " 'If the interest of an absent party in the matter in controversy is such that no judgment could be entered which would do justice between the parties actually before the court without injuriously affecting the rights of such absent party, that party is indispensable.' (*Safeway Insurance Co. v. Harvey*, 36 Ill. App. 3d 388, 391, 343 N.E.2d 679, 682.) '[T]o be a necessary party, the individual or entity involved must have a present substantial interest * * * in the controverted matter such that this legal entanglement cannot be resolved without either (1) affecting that interest or (2) leaving the interest of those who are before the court in an embarrassing or inequitable position.' (*Stavros v. Karkomi*, 39 Ill. App. 3d 113, 123, 349 N.E.2d 599, 607.)" 50 Ill. App. 3d 258, 267.

Clearly, the language of the second sentence of the statute cited above relates to "necessary" parties as defined in these authorities. However, we are now concerned only with the first sentence of that statute which merely limits the court's power to *sua sponte* join a party to situations where a complete determination of a controversy cannot be had without the presence of that party. The crux of the issue here is not so much whether Ellet is a necessary party, but rather the scope of the term "controversy" as used in the statute. In *Johnson v. Moon*, 3 Ill. 2d 561, 121 N.E.2d 774, our supreme court refused to give this term a narrow construction:

> " ' " Controversy" is a flexible term. As between original parties it takes in the complaint and unrelated counterclaims. When dealing with new parties it is restricted to the matters in the complaint, *or*

*matters closely related thereto, where common questions will be involved.' "* (Emphasis added.) 3 Ill. 2d 561, 569.

■■ As applied in this case, we think the term "controversy" encompasses third-party Ellet's involvement in the dispute. Plaintiff's complaint alleged only the breach of an oral contract to pay for necessary costs of correcting the plumbing code violations occasioned by defendant's defective work. It did not allege to whom the promise was made. From the testimony adduced at the November 15 hearing it is quite possible that defendant's promise was made to Ellet in addition or rather than to plaintiff Van Walsen. In fact, plaintiff's memorandum asserts as one alternative theory of recovery a contract between defendant and Ellet of which plaintiff is a third-party beneficiary. We note that in contracts involving joint interests, the potential for double recovery against the defendant is especially acute. Thus, defendant's characterization of the instant controversy as involving only an oral agreement between plaintiff and defendant is unduly restrictive.

■■■ We must look also to the purpose underlying the statute in question. In *Marcus v. Green*, 13 Ill. App. 3d 699, 300 N.E.2d 512, we stated that the policy behind section 25 of the Civil Practice Act is the avoidance of a wastefully inefficient multiplicity of suits. Our goal should be to avoid piecemeal determination inconsistent with equity and good conscience. (*Shields v. Barrow*, 58 U.S. (17 How.) 129, 15 L. Ed. 158.) Moreover, the legislature has specifically mandated that the Civil Practice Act be liberally construed so that controversies may be speedily and finally determined. (Ill. Rev. Stat. 1977, ch. 110, par. 4.) Finally, we believe it would defeat the purpose of small claims actions, such as the one before us to become preoccupied with abstract classifications such as "proper" versus "necessary" versus "indispensable" parties to the end that the importance of shaping a just and final relief is minimized. We therefore affirm the trial court's discretionary joinder of Ellet as a party to this action.

■■ Defendant next contends that the court erred in granting a judgment on an issue not before it and in granting a form of relief, the removal of Ellet's mechanic's lien upon defendant's satisfaction of the judgment, not prayed for by either plaintiff or Ellet. As explained above, the court correctly defined the entire controversy as including defendant's promise to pay Ellet directly. The court found that while defendant had not promised to pay plaintiff, he had promised to pay Ellet. This issue was properly before it.

■■ With regard to the court's order lifting Ellet's mechanic's lien upon satisfaction of the judgment, it must be remembered that this action was brought in small claims court which is governed by Supreme Court Rules in Illinois. Rule 282 (Ill. Rev. Stat. 1977, ch. 110A, par. 282) provides for a

short and simple complaint setting forth general information identifying the parties, the nature and amount of the plaintiff's claim plus dates and other relevant information. Nowhere does the rule require that plaintiff include a special or general prayer for relief. Finally, except in cases of default, courts have jurisdiction to grant whatever remedy may be appropriate under the circumstances of the case before it. (Ill. Rev. Stat. 1977, ch. 110, par. 34; *American Federation of Technical Engineers, Local 144 v. La Jeunesse*, 25 Ill. App. 3d 765, 324 N.E.2d 23, *reversed on other grounds*, 63 Ill. 2d 263, 347 N.E.2d 712.) In *American National Bank & Trust Co. v. Mar-K-Z Motors & Leasing Co.*, 11 Ill. App. 3d 1046, 298 N.E.2d 209, *affirmed*, 57 Ill. 2d 29, 309 N.E.2d 567, the plaintiff instituted a replevin action against the defendant, who counterclaimed for possession, damages and costs. Although defendant had not demanded assignment of the certificate of title in his prayer, the trial court ordered the assignment as incidental relief. The appellate court affirmed this action, citing section 34 of the Civil Practice Act as authority. We think the trial court's order regarding Ellet's mechanic's lien is similar to the court's assignment of title in the Mar-K-Z case in that it afforded complete and equitable relief to all concerned. There is no error.

■■ ■ Defendant further contends that the court erred in granting judgment for the third party absent a hearing on the merits of the third party's claim against defendant. We are sympathetic with the defendant's argument; however, defendant did not claim unfair surprise at the time of the joinder, nor did he move for a continuance. In fact, his only objection to the procedure was that Ellet not be denominated a party plaintiff. As previously noted, defendant failed to include a transcript of the November 15 proceeding at which testimony of each party was heard concerning the crucial events. Thus, we are unable to examine the testimony to determine if defendant was at that time unfairly misled in any particular inquiry regarding Ellet. Furthermore, Ellet was present and testified at the December 29 hearing, two weeks after the court-ordered joinder, yet defense counsel declined to question him. We consider this issue waived.

Finally, defendant contends that the court erred in failing to designate whether Ellet was being joined as a party plaintiff or defendant-counterplaintiff. We deem this argument to be without merit. The following colloquy occurred between the judge and the defense counsel at the December 29 hearing:

"MR. BROOM: I would require—I notice on the docket entry Mr. Ellet was brought in on [*sic*] a party defendant, but on the summons served on Mr. Ellet it was styled defendant, counterplaintiff.

COURT: Well, be that as it may, I brought him in as a party and

> I think he should be brought in as a party plaintiff, defendant or counterplaintiff."

It is evident that from as early as the November 15 hearing Ellet had assumed a posture adverse to that of defendant. Any error in failing to specifically classify him a party defendant or a defendant-counterplaintiff was harmless in our opinion.

For the foregoing reasons the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

JONES and KARNS, JJ., concur.