STUDENT TRANSIT CORPORATION, Plaintiff-Appellee, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellant.— (JOSEPH P. HANNON, Superintendent of the Public Schools of Chicago, *et al.*, Defendants.)

First District (3rd Division)   No. 78-1012

Opinion filed September 5, 1979.

Michael J. Murray, Richard E. Girard, and Edward C. Peterson, all of Chicago, for appellant.

Thomas N. Todd, of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The Board of Education appeals from a judgment entered against it in the Circuit Court of Cook County in the amount of $48,464.80 for breach of contract. The board contends that the contract was void in its inception and that the trial court erred by granting excessive damages to the plaintiff.

On March 31, 1976, the board through its bureau of purchases issued a solicitation of bids for transportation services for severely handicapped pupils attending nonpublic schools for whom tuition is approved and paid by the State of Illinois. The sealed proposals submitted pursuant to this solicitation, including the proposal of the plaintiff, Student Transit Corporation, were opened and read publicly on April 27, 1976.

The plaintiff's proposal included a bid to provide three buses to transport children to the Kennedy Corporation School in Chicago. In a report prepared by the director of purchases and accepted by the board on July 14, 1976, it was recommended that the contract for transportation services to the school be awarded to the plaintiff. The report also noted that one lower bid was received for transportation to the school; however, the bidder failed to submit evidence of sufficient vehicle insurance as required in the solicitation of bids. The plaintiff was advised of the acceptance of its bid by a letter from the director of purchases dated July 15, 1976.

On September 1, 1976, the board adopted a motion to rescind that portion of the board report which accepted the plaintiff's bid for providing transportation services to Kennedy school and awarded said portion of the contract to the lowest bidder. The plaintiff was notified of this action by letter dated September 3, 1976.

The plaintiff filed this lawsuit seeking damages for breach of contract. The trial court granted the plaintiff's motion for summary judgment on the issue of liability and transferred the case to the law division. On March 10, 1978, the trial court awarded $42,000 in damages resulting from anticipated loss of profits, $6,000 in damages resulting from the purchase of buses and $464.80 in court costs.

The board first alleges that the contract was void *ab initio* because it was executed in violation of the School Code. The School Code provides that all contracts for supplies, materials or work involving an expenditure in excess of $2,500 shall be let to the lowest responsible bidder. (Ill. Rev. Stat. 1975, ch. 122, pars. 10—20.21, 34—21.3.) Because the plaintiff was not the lowest bidder, the board asserts that the contract was in direct contravention of the School Code and therefore void.

■■ Although the plaintiff was not the lowest bidder, the board did

determine at the time of consideration of all of the bids that it was the lowest responsible bidder. The defendant O'Hearn in that portion of his deposition which was attached to the plaintiff's motion for summary judgment, testified that the lower bidder was not considered a responsible bidder because it had inadequate insurance coverage. We believe that the board was justified in awarding the contract to the plaintiff and cannot assert now that the contract is unenforceable.

The board further alleges that the trial court erred in the awarding of excessive damages to the plaintiff. The board's letter to the plaintiff dated September 3, 1976, operated as an anticipatory breach of the contract. When a party to an executory contract gives notice of his intention not to comply with his obligations, the other party may treat such notice as an anticipatory breach and consider the contract terminated without waiting for the completion of the contract pursuant to its terms. However, before the renunciation can be treated as an anticipatory breach, there must be a positive and unequivocal manifestation of intention that the party will not render the promised performance when the time fixed in the contract arrives. A definite statement to the second party that the first party either will not or cannot perform the contract will operate as an anticipatory breach. *Farwell Construction Co. v. Ticktin* (1978), 59 Ill. App. 3d 954, 376 N.E.2d 621; *Stonecipher v. Pillatsch* (1975), 30 Ill. App. 3d 140, 332 N.E.2d 151; 4 Corbin on Contracts §959, at 852-53, 856; §973, at 905 (1951).

The letter of September 3 contained a clear and unequivocal declaration of the board's intention not to comply with the terms of the contract. The plaintiff, therefore, was correct in treating this renunciation as an anticipatory breach and proceeding with its lawsuit for damages.

The proper measure of damages in a breach of contract action is that amount which will place the injured party in as satisfactory a position as he would have been had the contract been performed. (*Menicocci v. Archer National Bank* (1978), 67 Ill. App. 3d 388, 385 N.E.2d 63.) The contract between the plaintiff and the defendant included the provision: "This agreement will be subject to cancellation in whole or in part by either party on 60 days' written notice." The trial court awarded the plaintiff damages of $42,000 for anticipated loss of profits for three years, the intended duration of the contract. The board objects to this award and argues that the existence of the 60-day cancellation clause in the contract limits the amount of damages the plaintiff may collect.

Recovery of lost profits is allowable as an element of damages under certain conditions. The plaintiff must prove the loss with a reasonable degree of certainty; the court must be satisfied that the defendants wrongful act resulted in the loss, and the profits must have been reasonably within the contemplation of the defendant at the time the

370

contract was entered into. *Spangler v. Holthusen* (1978), 61 Ill. App. 3d 74, 378 N.E.2d 304; *Rivenbark v. Finis P. Ernest, Inc.* (1976), 37 Ill. App. 3d 536, 346 N.E.2d 494.

■■ We do not believe that the board could have contemplated damages for lost profits for more than a 60-day period because of the existence of the cancellation provision of the contract. The plaintiff, therefore, is entitled to damages only for loss of profits for 60 days subsequent to the board's notification to the plaintiff of the termination of the contract.

The board also objects to the award to the plaintiff of $6,000 in damages resulting from the purchases of buses. However, the record does not contain a transcript of the hearing on damages which would reveal the evidence presented by the plaintiff and the method used by the trial court in computing the damages. If a transcript was not available, the board could have prepared a proposed report of proceedings or the parties could have stipulated to a statement of facts material to the controversy. Ill. Rev. Stat. 1977, ch. 110A, par. 323.

■■ It is the duty of the appellant to present the complete record of the trial proceedings so that the reviewing court will be fully informed regarding the issues. Where the record is incomplete, as in the instant case, we must assume that the evidence heard by the trial court is sufficient to support its judgment. *In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 376 N.E.2d 259; *Sandberg v. American Machining Co.* (1975), 31 Ill. App. 3d 449, 334 N.E.2d 246.

For the foregoing reasons the judgment of the Circuit Court awarding the plaintiff $6,000 in damages resulting from the purchase of buses and $464.80 in court costs is hereby affirmed. The judgment of $42,000 for anticipated loss of profits is hereby vacated, and this issue is remanded for a hearing consistent with the views expressed herein.

Affirmed in part; judgment in part vacated and cause remanded.

McNAMARA and RIZZI, JJ., concur.