CHICAGO CITY BANK & TRUST CO., Plaintiff-Appellant, *v.* ROBERT L. WILSON, Defendant-Appellee.

First District (5th Division)   No. 79-1363

Opinion filed June 27, 1980.

Norman P. Wexler, of Wexler, Wexler & Heller, Ltd., of Chicago, for appellant.

Todd C. Lyster, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff brought this action as assignee of a retail installment contract to recover a deficiency due thereon. Defendant counterclaimed for damages he allegedly suffered. Following a bench trial, the court denied plaintiff any deficiency and ordered plaintiff to return defendant's down payment, to pay defendant's reasonable attorney's fees, and to pay for defendant's personal property loss. Plaintiff's motion for a new trial was denied and this appeal followed.

In the complaint plaintiff alleged that it was the assignee of a retail installment sales contract which had been executed by defendant. A copy of the contract was attached to the complaint. The copy showed that defendant purchased a new motor vehicle from a car dealership and agreed to make monthly payments for it. The contract also provided for repossession and resale of the vehicle upon defendant's default and for payment of reasonable attorney's fees by defendant if the contract was placed for collection. The complaint alleged that defendant had defaulted under the contract, that the vehicle had been repossessed and sold at auction, and that after all proper credits were made to defendant, a deficiency of $2347.99 including attorney's fees existed.

In his pleadings defendant admitted that he executed the contract in question and that it had been assigned to plaintiff but denied all of plaintiff's remaining allegations. Defendant counterclaimed for the price of the vehicle, for a calculator which was in the vehicle when it was repossessed and had not been returned to him, for attorney's fees, and for punitive damages. He alleged that he had attempted to make the required payments to plaintiff but his attempts were rejected, that plaintiff's agents seized the vehicle and threatened defendant and that their conduct was wilful, malicious, and in total disregard of defendant's contractual rights.

The case went to trial, but no transcript of the proceedings is contained in the record since, as plaintiff concedes, none was preserved. A week after trial the judge made his findings, a transcript of which is included in the record. The findings from the evidence can be summarized as follows: (1) the new vehicle was bought in December 1976 and was sold pursuant to the contract at a private dealer's auction in April 1977; (2) notice of the private auction was given to defendant; (3) plaintiff had a right to repossess the vehicle and did not act maliciously; (4) defendant did not show any attempt to redeem the vehicle or to protect his interest; (5) that according to the case of *Tauber v. Johnson* (1972), 8 Ill. App. 3d 789, 291 N.E.2d 180, a presumption exists that the value of the security is at least equal to the balance of the debt; (6) the amount realized at auction was approximately $3000 less than the vehicle originally cost; (7) in view of the recency of the original sale, it must be presumed that the value of the vehicle exceeded the amount due on the contract; (8) plaintiff

had the burden of showing that the sale was commercially reasonable; and (9) the sale was not commercially reasonable. Based on these findings the court denied plaintiff any deficiency and denied defendant punitive damages on his counterclaim but ordered plaintiff to return defendant's down payment of $1900, to pay $325 for the calculator, and to pay defendant attorney's fees in the amount of $300. It is from this judgment that plaintiff appeals.

OPINION

Plaintiff contends that the denial of the deficiency by the trial court was erroneous as a matter of law and was against the manifest weight of the evidence. It also challenges the judgment entered for defendant on his counterclaim as being against the manifest weight of the evidence and erroneous as a matter of law. Defendant asserts that plaintiff has failed to provide this court with an adequate record on review and that all reasonable presumptions in favor of the judgment should be indulged to sustain the judgment of the trial court.

■■ Plaintiff has failed to provide a transcript of the trial proceedings or an acceptable substitute pursuant to Supreme Court Rule 323. (Ill. Rev. Stat. 1977, ch. 110A, par. 323.) It is well established, as defendant urges, that the burden is on the plaintiff, as appellant, to present a sufficiently complete record of the trial proceedings to establish the claimed error and that in the absence of an adequate record on appeal, it is presumed that the order entered conforms to the law and is based upon a sufficient factual basis. *Mangiamele v. Terrana* (1976), 42 Ill. App. 3d 305, 307, 355 N.E.2d 765; *Student Transit Corp. v. Board of Education* (1979), 76 Ill. App. 3d 366, 370, 395 N.E.2d 69.

■■ The absence of a report of proceedings has been regarded as depriving a reviewing court of a basis for review of issues whose merits depend on the omitted matters, such as questions of the sufficiency of the evidence presented at trial. (*Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039, 1042, 389 N.E.2d 182.) Where the principal issue raised on appeal involves a question of law, the absence of a transcript or other substitute will not bar review. (*Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 347, 395 N.E.2d 1131; *Maynard v. Parker* (1977), 54 Ill. App. 3d 141, 142-43, 369 N.E.2d 352, aff'd (1979), 75 Ill. 2d 73, 387 N.E.2d 298; see *Van Walsen v. Blumenstock* (1978), 66 Ill. App. 3d 245, 247, 383 N.E.2d 776.) However, a presumption in favor of the regularity of the trial court proceedings exists and is not overcome until it is shown that error has been committed. (*Witvoet v. Berry* (1977), 48 Ill. App. 3d 485, 488, 359 N.E.2d 1117; see *Rosenblatt*, at 1042.) Because plaintiff has failed to include a copy of the transcript of the evidence presented at trial or a suitable alternative, we are unable to

review the evidence to determine whether the trial court's judgment was against the manifest weight of the evidence (see *Investors Shelter Corp. v. Chernick* (1978), 58 Ill. App. 3d 446, 447, 374 N.E.2d 786; *Shoemaker v. Geiger* (1975), 30 Ill. App. 3d 27, 29, 331 N.E.2d 637) and must confine our review to the alleged errors of law.

Plaintiff does not question the sufficiency of the evidence presented at trial but contends that the error of law is established by the findings of the trial court which were transcribed and included in the record. From the findings made by the court, plaintiff contends that it is entitled to a deficiency as a matter of law.

■■ The established rule in Illinois is that the creditor bears the burden of proving compliance with the notice provisions of section 9—504 of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 9—504) before recovering a deficiency judgment. (*Lake Shore National Bank v. McCann* (1979), 78 Ill. App. 3d 580, 584, 396 N.E.2d 1301; *General Foods Corp. v. Hall* (1976), 39 Ill. App. 3d 147, 153, 349 N.E.2d 573; *Tauber v. Johnson* (1972), 8 Ill. App. 3d 789, 793-94, 291 N.E.2d 180.) Although a creditor's failure to provide adequate notice does not necessarily bar a deficiency judgment, such failure has been held to raise a presumption that the value of the secured collateral is equal to the amount of the debt and to place on the creditor the additional burden of rebutting the presumption and proving that the amount collected from the sale was commercially reasonable. (*Lake Shore National Bank*; *General Foods Corp.*; *Tauber.*)[1] Additionally, section 9—507(1) of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 9—507(1)) provides that the debtor has a right to recover from the secured party any loss caused by the failure to comply with the notice provisions.

■ In the instant case the trial court found that "there is no question that notice was given, that they gave notice of a private sale." With that proof, plaintiff was entitled to the deficiency judgment. The trial court, however, misconstrued the *Tauber* case as creating a presumption that the value of the security was equal to the amount due on the contract in all cases and not only in those cases in which the creditor failed to give the debtor adequate notice of the sale. The court implicitly required plaintiff to establish the commercial reasonableness of the price received and found that the price received was not commercially reasonable. This placed an additional burden on plaintiff and one which the aforementioned cases do not require. In so doing, the court committed an error of law. Plaintiff was entitled to the deficiency judgment upon the trial court's finding that notice was given.

---

[1] *Stensel v. Stensel* (1978), 63 Ill. App. 3d 639, 380 N.E.2d 526, held that the failure to give the required notice was a bar to the recovery of a deficiency judgment. We merely note this divergence, since in the instant case the trial court expressly found that notice was given.

In addition, the price element alone did not establish the commercial unreasonableness of the instant sale. Mere inadequacy of price in the absence of fraud, mistaken or illegal practices does not vitiate a sale. (*In re Application of Bickel* (1973), 14 Ill. App. 3d 813, 815, 303 N.E.2d 541.) This is recognized in section 9—507(2) of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 9—507(2)), which provides in pertinent part:

> "The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner."

In *Bickel*, the sale of the security brought only about 67 percent of its equity value. In upholding the sale the court recognized that property does not bring its full value at forced sales and that a debtor must expect to take a loss. In this case the cash price of the vehicle when new was $7674 and $4761.10 or approximately 62 percent of the cash price was realized from the sale. Although the sale at auction occurred only three months after the original sale, it cannot be said that such a price was commercially unreasonable for an auto dealer's auction. The plaintiff established that he was entitled to a deficiency and should have recovered it.

Turning to the defendant's counterclaim the trial court also erred in returning his down payment and awarding him attorney's fees. Recovery under the counterclaim was premised on the wrongful repossession of the vehicle and the malicious conduct of plaintiff's employees. The trial court specifically found that plaintiff had a right to repossess the vehicle and that its actions were not malicious. Defendant had not established any basis for his recovery of the down payment or attorney's fees. (See *National Republic Bank v. Proctor* (1978), 66 Ill. App. 3d 534, 541-42, 383 N.E.2d 1310.) The down payment would naturally be applied to reduce the amount of the deficiency to which plaintiff was entitled and should not have been returned to defendant.

■■ Generally, in the absence of a statute or an agreement by the parties, a successful litigant may not recover attorney's fees or the costs of litigation. (*Hamer v. Kirk* (1976), 64 Ill. 2d 434, 437, 356 N.E.2d 524.) The award of attorney's fees in this case was error since, as defendant's attorney conceded in oral argument, the Uniform Commercial Code does not provide for an award of attorney's fees to a debtor, nor was there any other justification for the award. It was especially inappropriate here since defendant had agreed by contract to pay plaintiff's attorney's fees upon collection.

Finally, the award of $325 for the calculator must be sustained since it is based on factual findings from the evidence and the record is

inadequate to review the issue. Therefore, it must be presumed that the evidence justified the trial court's judgment.

Accordingly, the judgment of the circuit court is reversed insofar as: (1) it denied plaintiff's deficiency; (2) granted the return of defendant's down payment; and (3) awarded attorney's fees to defendant. The award of the cost of the calculator is affirmed.

Reversed in parts; affirmed in part and remanded.

SULLIVAN, P. J., and WILSON, J., concur.