NOTICE
Decision filed 08/17/21. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2021 IL App (5th) 180400-U

NO. 5-18-0400

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| JAMES W. VAN LUVENDER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 09-D-192 |
| | ) | |
| SANDRA L. GWALTNEY, f/k/a Sandra L. Van Luvender, | ) | |
| | ) | Honorable |
| | ) | Timothy R. Neubauer, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Barberis and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order requiring plaintiff to reimburse defendant for health insurance premiums, medical expenses, and attorney fees is affirmed where sufficient evidence supports the order.

¶ 2    Plaintiff, James W. Van Luvender (James), appeals from the trial court's order requiring him to reimburse defendant, Sandra L. Gwaltney f/k/a Sandra L. Van Luvender (Sandra), for health insurance premiums, medical expenses, and attorney fees, claiming there was insufficient evidence in the record to support the reimbursement. James also contends the trial court failed to adhere to the rules of judicial conduct and exhibited bias for Sandra. Finally, James contends the trial court erred by allowing Sandra access to his new family's private and vital information. For the following reasons, we affirm.

1

¶ 3                    I. BACKGROUND

¶ 4     James and Sandra were married on October 12, 2002. A judgment for divorce was entered on September 7, 2010, that incorporated the parties' marital settlement agreement (MSA). Two children born of the marriage were six and four years' old at the time of the divorce, and Sandra was granted custody of the children. The MSA addressed child support, insurance, and parenting time. James was required to provide Sandra with copies of his federal and state income tax returns, along with his W-2s. Sandra was required to maintain health insurance on the minor children. If the premium for the health insurance increased to over $100 per month, James was required to reimburse Sandra for one-half the cost of said premium. The parties further agreed to split the medical, dental, optical, orthodontal, psychiatric, and pharmaceutical expenses not covered by insurance, with each party paying 50% of the unpaid cost. Sandra and James each claimed one of the children for tax purposes. The remainder of the MSA divided James and Sandra's marital assets and liabilities.

¶ 5     Over the next six years, numerous petitions to modify and rule to show cause petitions were filed. We address only the pleadings and orders relevant to this appeal. On June 16, 2016, Sandra filed a petition for rule to show cause alleging that James failed to provide copies of his taxes and failed to reimburse her for health insurance premiums and medical expenses. An order to show cause was issued on June 22, 2016. James responded on August 2, 2016, stating he had provided his taxes except for those delayed by his accountant, that he had requested copies of Sandra's payments for health insurance but never received them, and that he had insufficient funds to pay for the health insurance or medical expense reimbursements. On September 13, 2016, the trial court issued an order finding James violated an order of the court. The order required James to pay the $134.43 in medical expenses that he admitted were due and found that James owed no

2

reimbursement for health care premiums through July 31, 2016. However, due to a change in insurance plans, James was now required to reimburse Sandra $87.50 each month beginning August 1, 2016, for half of the children's health insurance premiums. The order also awarded Sandra $650 in attorney fees stemming from the proceedings. Judgment was entered against James in the amount of $784.43. No appeal was taken.

¶ 6    On February 9, 2017, Sandra filed a petition for rule to show cause claiming James failed to pay the health insurance and attorney fees stemming from the September 13, 2016, order. On February 10, 2017, an order to show cause was issued. On March 24, 2017, James filed a petition to modify the MSA requesting the court: (1) relieve him from paying any part of the children's health insurance premiums, (2) relieve him from providing copies of his tax filings to Sandra, (3) award him more parenting time, and (4) award him different and more communication with the children via social media. On April 13, 2017, Sandra filed a petition to modify child support claiming James's income increased.

¶ 7    All pending matters were set for hearing on May 4, 2018. Both parties were represented by counsel, and the trial court noted an agreement regarding parenting time and communication. On June 7, 2018, the trial court issued an order incorporating the parties' parenting time and communication agreement. The order also found James in arrears and ordered him to pay Sandra: (1) $1412 for the unreimbursed health insurance premiums, (2) $177.39 for unpaid medical expenses, (3) $650 for unpaid attorney fees awarded in prior orders, and (4) $600 in attorney fees for the current proceeding, before January 1, 2019. The order eliminated James's obligation to pay one-half of the medical insurance premiums but only if James paid the full amount due from the June 7, 2018, order ($2839.39) prior to January 1, 2019. The order also modified the MSA to allow Sandra to claim both children on all future tax filings beginning with tax year 2018 and removed

3

James's obligation to provide Sandra with full copies of his tax filings. James was now only required to provide Sandra with his W-2s and the K-1 schedules from his tax returns. The final paragraph addressed Sandra's wait time for the parenting time exchanges. The trial court issued an amended order on June 20, 2018, which restated everything from the June 7, 2018, order but amended the final paragraph to increase Sandra's wait time for the exchanges.

¶ 8 On August 17, 2018, James filed a *pro se* motion for leave to file a late notice of appeal with this court which was granted on August 24, 2018.

¶ 9                          II. ANALYSIS

¶ 10 We recognize that plaintiff is proceeding *pro se* on this appeal. However, when litigants appear *pro se*, their status does not relieve them of their burden to comply with the court's rules. *Oruta v. B.E.W.*, 2016 IL App (1st) 152735, ¶ 30. Supreme court rules are not advisory suggestions, but rules to be followed. *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57.

¶ 11 a. The Trial Court's Award of Health Insurance Premiums and Attorney Fees

¶ 12 We review a judgment setting an amount for arrearage or payment of attorney fees for an abuse of discretion and give deference to the trial court's ultimate conclusions; however, if the trial court's factual findings are disputed, the record is reviewed under a manifest weight of the evidence standard. *In re Marriage of Logston*, 103 Ill. 2d 266, 286-87 (1984); *In re Marriage of Barile*, 385 Ill. App. 3d 752, 759 (2008).

¶ 13 James contends that the documents submitted by Sandra did not justify requiring James to pay for health insurance premiums or show proof of Sandra's out-of-pocket expenses. James further contends that he should not have to pay for the health insurance premiums because the children were placed on AllKids on January 1, 2012. James's argument, as conceded in his brief, stems from the trial court's September 13, 2016, order. There is no dispute that it was the

4

September 13, 2016, order which determined the sufficiency of Sandra's evidence, in conjunction with James's defenses, and required James to begin reimbursing Sandra $87.50 a month for the children's health insurance premiums.

¶ 14     A notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017). The notice "confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). James's notice of appeal specifically stated it was appealing from the "order of June 20, 2018" and that he was asking this court "to reverse previous orders entered for this cause and reconsider the decisions made for further relief." While a notice of appeal is liberally construed (*People v. Smith*, 228 Ill. 2d 95, 104 (2008)), James's notice of appeal, no matter how liberally construed, cannot be said to have fairly and adequately set out the court's order complained of to include the September 13, 2016, order. The notice only specifically mentioned the June 20, 2018, order and failed to include any other specific date for the "previous orders entered for this cause." Further, we discern nothing from the record, nor is any argument made, to undermine our conclusion that the trial court's September 13, 2016, order was final and was not a "step in the procedural progression leading" to the judgment specified in the notice of appeal. See *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 434-35 (1979); *In re Custody of R.W.*, 2018 IL App (5th) 170377, ¶¶ 46-51. As such, we find this court is without jurisdiction to consider James's claims with respect to the September 13, 2016, order and dismiss that portion of James's appeal. See *Pappas*, 242 Ill. 2d at 175-77.

¶ 15     Moreover, while James appealed the trial court's June 20, 2018, order, he provided no copy of the transcript from the May 5, 2018, hearing that precipitated the order. Plaintiff's failure to

provide a transcript of the trial proceeding, or an acceptable substitute, violates Illinois Supreme Court Rule 323 (eff. July 1, 2017). It is well established that the burden is on the appellant to present a sufficiently complete record of the trial proceedings to establish the claimed error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 394 (1984). In the absence of an adequate record on appeal, it is presumed that the order entered conforms to the law and is based upon a sufficient factual basis. *Id.* However, where the principal issue raised on appeal involves a question of law, the absence of a transcript or other substitute does not bar review. See *Van Walsen v. Blumenstock*, 66 Ill. App. 3d 245, 247 (1978).

¶ 16    James's brief provided argument related to the September 13, 2016, order, but no factual or legal argument related to the June 20, 2018, order. "A reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments; it is not merely a repository into which an appellant may 'dump the burden of argument and research,' nor is it the obligation of this court to act as an advocate." *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009) (quoting *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993)). As such, we find that James forfeited any appealable issue stemming from the June 20, 2018, order (*Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23) and that the trial court's June 20, 2018, order enforcing the September 13, 2016, order, which required James to reimburse Sandra for health insurance premiums and attorney fees, was neither an abuse of discretion nor against the manifest weight of the evidence.

¶ 17                                  b. Judicial Bias

¶ 18    James contends that the trial court's statements, provided at the December 5, 2013, hearing, mentioned the judge's personal events and standards for when children should go to bed or whether children should eat breakfast before attending school. James also takes issue with the judge's statements at the February 27, 2014, hearing addressing his own driving experiences during the

6

winter in Southern Illinois. James contends that the judge's statements violated Rule 62 of the Code of Judicial Conduct (Ill. S. Ct. R. 62 (eff. Oct. 15, 1993)). Finally, James contends that the trial court interrupted James during the proceedings on February 27, 2014, and that he was unallowed to fully state his case in violation of Rule 63 of the Code of Judicial Conduct (Ill. S. Ct. R. 63 (eff. July 1, 2013)). James argues that the trial court's statements and actions reveal judicial bias for Sandra and against James.

¶ 19    James's arguments are not well taken by this court. First, we note that James's complaints arise from proceedings that occurred on December 5, 2013, and February 27, 2014. After hearing the trial court's ruling following the December 5, 2013, hearing, James was so pleased with the trial court's decision that he stated, "I could kiss you" and "This is the only thing I've been asking for. Thank you." Thereafter, an agreed order was entered on December 13, 2013. No appeal was taken from that order. As such, this court has no jurisdiction to address any of the judicial issues that might stem from the December 5, 2013, hearing or the December 13, 2013, order. See *Pappas*, 242 Ill. 2d at 175-77; *In re J.P.*, 331 Ill. App. 3d 220, 234 (2002).

¶ 20    We also reviewed the record of proceedings from the February 27, 2014, hearing. At no time did James argue to the trial court that he was not allowed to present his case. Review of the record also reveals that neither James, nor his attorney, ever filed any petition or motion claiming judicial bias. Therefore, in addition to not specifically appealing any order stemming from the February 27, 2014, hearing, there is no evidence that the issue of judicial bias was raised before the trial court. "[T]his is critical, as arguments may not be raised for the first time on appeal." *Webber v. Wight & Co.*, 368 Ill. App. 3d 1007, 1019 (2006).

¶ 21    James also contends his civil rights were violated due to the alleged judicial bias. This claim is found in one sentence within the statement of authorities. First, we find no evidence in the

7

record where such claim was made before the trial court. As such, the issue is not properly before this court. See *id*. Further, James presented no argument, no citation to the record, and no citation to any authority in his brief on this issue. "An issue that is merely listed or included in a vague allegation of error is not 'argued,' " fails to satisfy Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018), and is therefore forfeited. *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). Therefore, we will not consider James's judicial bias claims.

¶ 22                                    c. Exchange of James's Tax Documents

¶ 23    Finally, James contends that the trial court erred in allowing Sandra access to James's private information. James's brief claims this issue was addressed in his January 2, 2014, motion to modify agreed order; however, review of that pleading reveals no claim related to James's private information or his tax filings. On appeal, James relies on section 312 of the Uniform Interstate Family Support Act (750 ILCS 22/312 (West 2018)); however, the record is devoid of any affidavit filed by James requesting relief from the trial court under this statute. In fact, the only record substantiating James's alleged complaints about turning over the full contents of his annual tax filings to Sandra is found in the trial court's June 20, 2018, order which eliminated James's obligation to provide his full tax filings to Sandra. Again, we note that the May 5, 2018, hearing transcript was not provided on appeal. In the absence of any evidence to the contrary, we presume the trial court's order extinguishing James's requirement to provide Sandra with full copies of his tax filings, and requiring James to only provide Sandra with copies of his W-2s and K-1 schedules, was not an abuse of discretion. *Foutch*, 99 Ill. 2d at 394.

¶ 24                                    III. CONCLUSION

¶ 25    For the foregoing reasons, we affirm the trial court's June 20, 2018, order.

¶ 26    Dismissed in part and affirmed in part.