PRAIRIE VISTA, INC., Plaintiff-Appellant, v. JAMES D. CASELLA, Defendant-Appellee.

(No. 11811;

Fourth District—June 6, 1973.

Dunn, Brady, Goebel, Ulbrich, Hayes & Morel, of Bloomington, (George R. Flynn, of counsel,) for appellant.

Thomson & Mirza, of Bloomington, (Chester Thomson, of counsel,) for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff brought an action against James and Donna Casella seeking to recover a deficiency judgment in the amount of $1921.18 and costs of suit. After a bench trial, the court found in favor of the defendant and against plaintiff on the plaintiff's complaint, and found for the plaintiff and against defendant on defendant's counter-claim. The plaintiff appeals from the judgment of the circuit court of McLean County.

On October 30, 1969, plaintiff entered into an installment contract with defendant for the sale of a mobile home. The sales contract was assigned with full recourse to the McLean County Bank. In November 1970, defendant defaulted on the contract, moved out of the trailer and executed an assignment of the certificate of title in blank. In January 1971, defendant returned the keys to the mobile home to the plaintiff. Notice of a private sale to be held on April 10, 1971, was mailed to the defendant on April 7 and received by him on the 8th day of April. April 9 was a holiday. The trailer was sold on April 10, leaving a deficiency of $1921.18. Donna Casella, defendant's wife, was later dismissed as a party by stipulation and is not involved in this appeal.

The trial court found that the plaintiff failed to give reasonable notice

of the sale as required in section 9—504(3) of the Uniform Commercial Code. (Ill. Rev. Stat. 1971, ch. 26, par. 9—504(3).) Whether or not the decision of the trial court is against the manifest weight of the evidence is the. issue presented on appeal.

The judgment entered in this case cannot be said to be against the manifest weight of the evidence. There was no error of law in the proceedings below nor waiver of notice. A further recitation of the factual testimony would in our judgment serve no useful purpose, and an opinion thereon would have no precedential value. Accordingly, pursuant to Rule 23 of the Supreme Court Rules, the judgment of the circuit court of McLean County is affirmed.

Judgment affirmed.

SIMKINS and TRAPP, JJ., concur.