GENERAL FOODS CORPORATION, Plaintiff-Appellee, *v.* ROYAL L. HALL, Defendant-Appellant.

First District (2nd Division)    No. 61950

Opinion filed June 1, 1976.

148

Ron Fritsch, of Chicago, for appellant.

William O. McMahon, of Chicago (Wallett Bancroft Rogers, of New York, New York, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Royal L. Hall (defendant) appeals a $3,380.55 judgment for General Foods Corporation (plaintiff) entered by the trial court after a bench trial. The issues to be considered on appeal are: (i) who bears the burden of proof as to a commercially reasonable sale; and (ii) did the trial court abuse its discretion in granting the $3,380.55 judgment against defendant.

Plaintiff's complaint alleged defendant owed plaintiff $4,541.25 on a promissory note. On May 28, 1971, defendant signed a promissory note for $6,000 payable to General Foods Calumet Credit Union, which provided that the $6,000 debt was "* * * secured by a security agreement, of even date herewith, given to General Foods Calumet Credit Union, on personal property situated in _____ _____." No description of the secured property was given in the note. On December 10, 1973, the promissory note and all interest of General Foods Calumet Credit Union in the note was assigned to plaintiff. On January 31, 1974, plaintiff filed a complaint against defendant claiming that after March 30, 1973, defendant neglected, failed, and refused to make payments upon the note, notwithstanding plaintiff's demands; and that defendant owed $4,541.25 to plaintiff. The note and assignment were attached to the complaint.

On October 7, 1974, defendant filed an answer to plaintiff's complaint admitting all of plaintiff's allegations concerning the making of the note, but defendant denied owing plaintiff $4,541.25. On January 29, 1975, both plaintiff and defendant appeared in the trial court with their attorneys. The only pleadings before the court were those of January 31, 1974, and October 7, 1974. No amendment to the pleadings was offered changing the prayer for relief from the original request for $4,541.25. No additional facts were pleaded or offered into evidence. Plaintiff's statement of the case to the trial court was as follows:

> "The defendant borrowed money from my client, rather the predecessor to my client. And [sic] neglected, failed and refused to pay upon it. There was a judgment entered against him and thereafter we repossessed the securities [sic] given which was an automobile pursuant to the possession of the security agreement. And title sale was held at the notice of the defendant, the surrogation [sic] were applied to the obligation. We seek to enforce the balance due. And the defendant suggested that there has been an error someplace. Where or how I do not know."

150

Defendant's statement differed from the above:

"Your Honor, this is a suit for deficiency. There has been no judgment enetered [*sic*]. This is a suit for deficiency balanced after repossession.

The burden is on the plaintiff to prove that it's complied with the Uniform Commercial Code. And that's what we're here for today."

After some discussion off the record, the parties stipulated that the only matter in contention was whether the notice of the sale of defendant's collateral was adequate. A copy of the notice of sale was included in the record:

"NOTICE OF ENFORCEMENT OF SECURITY AGREEMENT

Pursuant to sections 9—504 and 9—505 of the Uniform Commercial Code of Illinois, you are hereby notified that the following described collateral:

ONE 1971 BUICK - 2 DOOR SPORT COUPE - SERIAL # 484371H447481 constituting security under the Security Agreement dated May 28, 1971, made by ROYAL L. HALL, Debtor, and GENERAL FOODS CALUMET CREDIT UNION, a corporation, Secured Party. [*sic*] will be sold at public sale to be held at:

100 N. La Salle Street
Suite 914
Chicago, Illinois 60602
*on FRIDAY FEBRUARY 15, 1974 at 2 p.m.*"

Defendant, called by plaintiff, the only witness to testify, stated he arrived at the specified location on February 15, 1974, at the time indicated on the notice, but the Buick was not there, nor was a sale conducted at that place, and he was not given an opportunity to bid. Examination of defendant by plaintiff's counsel proceeded in part as follows:

"Q. Is it not a fact you were given an opportunity to make a bid?
A. I could not make a bid, no.
Q. You said what?
A. No, I could not make a bid.
Q. Why?
A. You said it was being sold in Kankakee. No.
Q. This, I dispute."

On cross-examination by his own counsel, defendant testified he did not know whether or not the car had been sold when he left the office (in Chicago) where the alleged public sale was to have taken place. Defendant stated plaintiff's counsel attempted to reach someone in

Kankakee (Illinois)[1] to find out whether the car had been sold, but that the attorney could not reach that party.

At this point the trial took a strange turn—plaintiff's attorney (unsworn and not under examination) disagreed with defendant's testimony and submitted his own version of what took place on the date of the alleged sale. Counsel stated defendant appeared at the office on February 15, 1974, and that counsel contacted his client in Kankakee concerning the sale of the Buick and he informed defendant what the highest bid on the Buick was at that time. Counsel claimed a letter dated February 21 containing four bids made on the Buick was sent to defendant and defendant was given an opportunity to submit a higher bid. Defendant's counsel stipulated such a letter was received but defendant (no longer under examination) denied being given an opportunity to submit a higher bid.

Counsel for plaintiff and defendant then engaged in a discussion regarding the variance between the notice of sale and what actually took place on February 15, 1974. Plaintiff's counsel admitted there was no auctioneer, but he contended the sale was still public because public notices had been posted. Defendant's counsel persisted in arguing the sale was private, not public, and the notice of sale was therefore inadequate. The trial court adjourned the hearing until a week from January 29, 1975.

No transcript of any further proceedings is included in the record. On April 10, 1975 the court entered an order stating:

> "The court finds for the plaintiff and against the defendant and assesses the plaintiff's damages at the sum of three thousand three hundred eighty and 55/100 dollars ($3,380.55)."

The court made no finding of fact on which the judgment was based and no evidence was introduced to indicate how the court arrived at the amount of $3,380.55. Defendant did not make any post-trial motions, but on April 15, 1975 a notice of appeal was filed.

## I.

At the outset of our consideration, we note that the record, briefs, and arguments of counsel indicate the proceedings in the trial court were carried on in a less than judicial manner. Yet our review on appeal is limited to what happened in the trial court proceedings as revealed in the sparse record presented to this court and to determine whether the judgment of the trial court is correct.

■■ It is a general rule of law that a party asserting a fact or issue generally has the burden of proof as to such fact or issue. (See *Haas v. Cohen* (3rd Dist. 1973), 10 Ill. App. 3d 896, 899, 295 N.E.2d 28; 18 Ill. L.&Pr. *Evidence* §21 (1956).) In order to prevail on the complaint in the

---

[1] We take judicial notice that Kankakee, Illinois is 60 miles from downtown Chicago.

case at bar, plaintiff had the burden of establishing defendant owed $4,541.25 on the alleged promissory note. Defendant's answer admitted the validity of the promissory note and defendant's failure to make payments after March 30, 1973, but denied the allegation defendant owed plaintiff $4,541.25. Therefore, based on the dispute in the pleadings, plaintiff has the responsibility of not only going forward with the evidence but the burden of proving the amount owed.

The record presented to this court provides an inadequate basis upon which to resolve the issues. The issue stipulated to at trial did not concern whether defendant owed $4,541.25 as indicated on the complaint; but rather, the issue was whether defendant had been given adequate notice of the sale of certain collateral—a 1971 Buick—claimed as security on the alleged promissory note in view of what actually happened. No evidence actually appears on the record showing plaintiff claimed the Buick pursuant to a security agreement or what relationship the defendant had to the Buick. No evidence was submitted regarding the sale of the automobile, the purchase price, or the purchaser. Furthermore, nothing in the record established defendant owed plaintiff any sum of money on the promissory note.

Since the only issue argued in the trial court and on appeal was whether defendant was given proper notice of the sale, we confine our consideration to the burden of proof on that issue.

The Uniform Commercial Code, as adopted in Illinois (Ill. Rev. Stat. 1973, ch. 26, par. 9—504(3)), provides:

> "(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, * * *."

Thus, the sale of the collateral must be accomplished in a commercially reasonable manner.

In considering whether the collateral in this case was disposed of in a commercially reasonable manner, we must consider who has the burden of proof on that issue. *Vic Hansen & Sons, Inc. v. Crowley* (1973), 57 Wis. 2d 106, 203 N.W.2d 728, 732, notes there are differences of opinion as to who should assume the burden of proving the creditor has complied with

the statutory requirements of notice and commercial reasonableness before a deficiency judgment is allowed. (See Annot., 59 A.L.R. 3d 369 (1974); Annot., 59 A.L.R. 3d 401, §§5, 11 (1974).) *Hansen* holds a creditor must prove conformance with the Code requirements as a condition precedent to recovery of a deficiency judgment.

■■ In *Tauber v. Johnson* (1st Dist. 1972), 8 Ill. App. 3d 789, 793, 291 N.E.2d 180, this court approved the rule that a creditor bears the burden of proving "compliance with the requirements for notice of disposition." Thus contrary to plaintiff's arguments, it bears the burden of proving compliance with the notice provision of the Code before recovering a deficiency judgment. (See Code, section 9—504(3).) The failure to provide adequate notice does not necessarily bar a deficiency judgment, but it puts an additional burden on the creditor to rebut a presumption that the secured collateral is worth at least the amount of the debt and of proving the amount actually collected at the sale of the collateral was commercially reasonable. *Tauber*, 8 Ill. App. 3d 789, 794.

Thus, plaintiff bears the burden of establishing that proper notice was given and if such notice is not established, plaintiff must rebut the presumption that the value of the Buick was equivalent to the debt on the promissory note and prove the sale of the Buick was commercially reasonable.

## II.

■■ In reviewing an order granting a deficiency judgment, the standard of review is whether the judgment was against the manifest weight of the evidence. (See *Prairie Vista, Inc. v. Casella* (4th Dist. 1973), 12 Ill. App. 3d 34, 297 N.E.2d 385.) In the case at bar, the court cited no reason for its judgment in favor of plaintiff in the amount of $3,380.55. Therefore, we must consider all of the evidence presented to the trial court to determine if its decision was against the manifest weight of the evidence.

As discussed previously, plaintiff bears the burden of proving defendant was given proper notice of the sale of the collateral allegedly securing the promissory note before being entitled to a deficiency judgment. Both parties stipulated to the admission of a copy of the notice of sale sent to defendant. That notice indicated the collateral—one 1971 Buick—would be sold at a public sale to be held at 100 N. LaSalle Street in Suite 914 on February 15, 1974, at 2 p.m. Defendant concedes that the notice on its face complies with the requirements of section 9—504(3) of the Code.

■■■ However, the record presented to this court indicates that the actual circumstances of the sale varied from those indicated in the notice.

A public sale, as explained in the comments to the Code (Ill. Ann. Stat., ch. 26, §9—504, at 342 (Smith-Hurd 1974)), contemplates a sale by auction. The purpose of giving a debtor notice of a public sale is to provide him with the opportunity to gather with and bid in the presence of other potential purchasers, and to observe that the sale is conducted in a commercially reasonable manner. The evidence in this case indicates no other potential purchasers were present for a public sale at 100 N. LaSalle, Suite 914 at 2 p.m. on February 15, 1974, as specified in the notice sent to defendant by plaintiff. Furthermore, the unrebutted testimony of defendant was that he was not given an opportunity to bid. The automobile being sold was not present. The evidence on the record indicates that, while the notice on its face conformed to the technical standards of the Code, the actual circumstances of the sale differed substantially from those in that notice of sale. The holding of a "public sale" in a Chicago law office for a 1971 Buick located in Kankakee, Illinois and receiving bids at an undisclosed price from undisclosed persons does not meet the requirements of the Code. In our opinion, the procedure followed frustrated not only the debtor but the intent of the statute—to protect debtors. The notice of sale was misleading, not accurate, unreasonable, and not in conformity with the requirements of section 9—504(3) of the Code.

■■ ■ Plaintiff's failure to provide adequate notice gives rise to a presumption that the value of the Buick was equivalent to the alleged debt on the promissory note, and plaintiff now bears the burden of proving the Buick was sold in a commercially reasonable manner before a deficiency judgment may be allowed. The only evidence appearing in the record of the trial court proceedings regarding the manner in which the Buick was sold was an explanation made by plaintiff's counsel. This explanation was not made under oath and defendant had no opportunity to cross-examine plaintiff's counsel. Despite defendant's failure to object to these statements as he should have done in the trial court, the comments of plaintiff's attorney were improper and may not be considered as competent evidence in reviewing the trial court's determination of this matter. There is no evidence in the record regarding the actual sale of the Buick, and no evidence regarding the manner in which it was sold, the purchase price, or the purchaser. There is nothing in the record before us to show how the trial court reached its decision that plaintiff was entitled to a judgment in the amount of $3,380.55. Although counsel for defendant failed to make the appropriate motions both during trial and post-trial, we cannot affirm a judgment based on such a record. To do so would condone a trial practice which is certainly improper and in disregard of the rights of litigants.

There is no evidence in the record to support the judgment of the trial

court. Therefore, the order of the trial court is reversed and the matter is remanded to the circuit court of Cook County for a new trial.

Judgment reversed and remanded.

STAMOS, P. J., and HAYES, J., concur.