THE FIRST NATIONAL BANK OF DECATUR, Plaintiff-Appellee, v. WAYNE E. WOLFE, Defendant-Appellant.

Fourth District   No. 4—85—0121

Opinion filed October 28, 1985.

Fuller, Happ, Barr, McCarthy & Quigg, P.C., of Decatur, for appellant.

John C. Weinman, of Decatur, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff brought a small claims complaint to recover a deficiency judgment in the amount of $974.68 plus costs, as the balance due on a retail installment contract ($824.68 plus attorney fees $150). After hearing on June 18, 1984, at which defendant appeared *pro se,* the trial court entered judgment against defendant in favor of plaintiff in the amount requested. Defendant appeals from the judgment of the circuit court of Macon County. We reverse.

The retail installment contract in question was taken on a car and signed by defendant and his then wife. According to the testimony at hearing, the wife received the car in the judgment of dissolution, and was ordered to make payments on it. Thereafter, she left the State of Illinois. It was almost four months before the car was repossessed out-of-State. At hearing on June 18, 1984, various matters were stipulated to in the plaintiff's case, including the notice of sale, and the amount of the deficiency and attorney fees. The plaintiff rested. The defendant's theory of the case was that the bank (1) delayed unnecessarily in repossessing the car, which led to greater depreciation in its value, as it apparently had been driven into a ditch by defendant's son prior to repossession; and (2) failed to insure the car, although it had a right to do so. Defendant testified in this regard, and was questioned by the court. No rebuttal evidence was presented. At the conclusion of the hearing, the court found that, given an out-of-State repossession, the period from December to April was not unusual, and the delay was not unnecessarily long. Judgment was therefore entered against defendant.

On July 9, 1984, defendant filed a motion for a new trial; the record does not show this motion being disposed of. On October 26, 1984, defendant filed a first amended motion for a new trial, alleging:

"a. That Ill. Rev. Stat., Chapter 26, Section 9—504(3) requires collateral to be sold in a commercially reasonable manner.

b. That copies of notices admitted by stipulation between the parties sets out that the collateral would be available *for viewing* in Decatur, Illinois.

c. That the defendant's unrebutted testimony was that he went *to view* the collateral in Decatur, Illinois, and the collateral was not in the lot where it was represented to be, and his

further unrebutted testimony was that the collateral was located in the State of Tennessee.

d. That a sale of an automobile held as collateral under the above stated circumstances is commercially unreasonable *in that the vehicle was not present within the State of Illinois for viewing* by any potential buyers and it is commercially unreasonable to expect a potential buyer to travel to the State of Tennessee to view a motor vehicle prior to bidding upon it." (Emphasis added.)

Arguments were heard on this motion on January 7, 1985, but the record on appeal contains no transcript of that hearing, and the docket entry contains no indication that additional evidence was taken. The cause was taken under advisement and, on January 22, 1985, the trial court denied the motion, finding that the sale of the security had been conducted in a commercially reasonable manner and the notice of public sale complied with the requirements of section 9—504(3) of the Uniform Commercial Code (Code) (Ill. Rev. Stat. 1983, ch. 26, par. 9—504(3)). This appeal followed.

On appeal, the defendant contends that the trial court erred in determining that the plaintiff sold the secured motor vehicle in a commercially reasonable manner, as the notice given to him specified that the motor vehicle was located in Decatur, Illinois, for inspection, when in fact it was located out-of-State. In questioning by the trial court at the hearing on June 18, 1984, defendant's answers included the following:

"Q. [By the court]: You stipulated that you received copies of the notices.

A. [By defendant]: Yes, sir.

Q. Did you contact the bank after you received those notices?

A. No, sir; I went by North 22nd Street where they said the car could be seen. The car was not there. They have a lot out on North 22nd Street, I believe across from Firestone, where they have repossessed automobiles. One of the notices said it could be seen there, and I drove by.

\* \* \*

Q. Have you seen that vehicle?

A. No, sir. I did not see it. It was repossessed in Tennessee and sold in Tennessee; and yet the information the bank sent me said that it could be inspected on North 22nd Street. They never brought it back to Illinois."

The notice of public sale which was placed into evidence by stipulation

at hearing stated in pertinent part:

"NOTICE IS HEREBY GIVEN that The First National Bank of Decatur, Decatur, Illinois, secured party, will on the 18 day of May, 1981, at 9:00 A.M. at 130 N. Water St., Decatur, Illinois, hold a public sale or a private sale at a later date if no satisfactory bids are received, and sell a motor vehicle described more fully as: 1980 Mazda 626, 2 dr. serial CB2MS576741. The vehicle may be seen and inspected at 2655 N. 22nd St., Decatur, Illinois."

Defendant claims that although the language of the notice of sale technically complied with the requirements of section 9—504(3), it was not accurate inasmuch as the vehicle described was not at the location specified but was in the State of Tennessee. In support of this argument, defendant cites *General Foods Corp. v. Hall* (1976), 39 Ill. App. 3d 147, 349 N.E.2d 573. He argues that (1) his testimony that the car was not at the place shown on the notice for inspection raised an issue as to the commercial reasonableness of the sale; (2) once raised, the burden of proof on this issue shifted to the plaintiff; and (3) as no rebuttal evidence was presented, the plaintiff failed to meet its burden, and the deficiency judgment should be reversed.

██ An order granting a deficiency judgment will be reversed on review if it is found to have been against the manifest weight of the evidence (*Prairie Vista, Inc. v. Casella* (1973), 12 Ill. App. 3d 34, 297 N.E.2d 385; *General Foods Corp. v. Hall* (1976), 39 Ill. App. 3d 147, 349 N.E.2d 573), or where the trial court committed an error of law (*Chicago City Bank & Trust Co. v. Wilson* (1980), 86 Ill. App. 3d 452, 455, 407 N.E.2d 964, 967-68). The established rule in Illinois is that the creditor bears the burden of proving compliance with the notice provision of section 9—504 of the Code (Ill. Rev. Stat. 1983, ch. 26, par. 9—504) before recovering a deficiency judgment. (See *General Foods Corp. v. Hall* (1976), 39 Ill. App. 3d 147, 349 N.E.2d 573; *Chicago City Bank & Trust Co. v. Wilson* (1980), 86 Ill. App. 3d 452, 407 N.E.2d 964; *National Boulevard Bank v. Jackson* (1981), 92 Ill. App. 3d 928, 930, 416 N.E.2d 358, 360, and cases cited therein; see generally, Annot., 11 A.L.R.4th 241, secs. 19[c] through 21, at 297-306 (1982).) The failure to provide adequate notice does not necessarily bar a deficiency judgment, but such failure has been held to (1) raise a presumption that the value of the secured collateral is equal to the amount of the debt, and (2) to place on the creditor the additional burden of rebutting the presumption and proving that the amount collected from the sale was commercially reasonable. *First Galesburg National Bank & Trust Co. v. Joannides* (1984), 103 Ill. 2d 294, 301,

469 N.E.2d 180, 183; *Hall; Wilson; Jackson;* see generally Annot., 59 A.L.R.3d 369 (1974); Annot., 7 A.L.R.4th 308 (1981); Annot., 10 A.L.R.4th 413 (1981).

■ As a deficiency judgment after sale of repossessed collateral is strictly a creature of statute, we turn to the various portions of the Code to resolve the narrow question of law presented for review. Section 9—504 provides in part:

> "(1) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. Any sale of goods is subject to the Article on Sales (Article 2). \*\*\*
> \*\*\*
>
> (3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale \*\*\*." (Ill. Rev. Stat. 1983, ch. 26, par. 9—504.)

The Illinois Code Comment on this provision states: "[t]he second sentence of [subsection (1)] incorporates Article 2, principally section 2—706, many of whose provisions are restated in this subsection (see particularly subsection (3))." (Ill. Ann. Stat., ch. 26, par. 9—504, at 338 (Smith-Hurd 1974).) The Code Comment further states that subsection (3) removed all specific requirements of pre-code statutory chattel security law with respect to the conduct of a sale after default under the security agreement, in favor of the single broad requirement that every aspect of the sale must be commercially reasonable. (Ill. Ann. Stat., ch. 26, par. 9—504, at 340 (Smith-Hurd 1974).) The Uniform Commercial Code Comment refers to the reasonable notification of disposition required under subsection (3) as follows: " 'Reasonable notification' is not defined in this Article; at a minimum it must be sent in such time that persons entitled to receive it will have sufficient time to take appropriate steps to protect their interests by tak-

ing part in the sale or other disposition if they so desire." (Ill. Ann. Stat., ch. 26, par. 9—504, at 345 (Smith-Hurd 1974).) The Uniform Commercial Code Comment further remarks on the requirement that the sale be in a "commercially reasonable" manner, and in compliance with the general obligation of good faith as provided in section 1—203 of the Code. (Ill. Ann. Stat., ch. 26, par. 9—504, at 345-46 (Smith-Hurd 1974).) It should be noted that section 2—706(4) provides:

"Where the resale is at public sale

(a) only identified goods can be sold except where there is a recognized market for a public sale of futures in goods of the kind; and

(b) it must be made at a usual place or market for public sale if one is reasonably available and except in the case of goods which are perishable or threaten to decline in value speedily the seller must give the buyer reasonable notice of the time and place of the resale; and

(c) *if the goods are not to be within the view of those attending the sale the notification of sale must state the place where the goods are located and provide for their reasonable inspection by prospective bidders;* and

(d) the seller may buy." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 26, par. 2—706(4).)

The Uniform Commercial Code Comment states: "The provisions of paragraph (c) of subsection 4 are intended to permit intelligent bidding." Ill. Ann. Stat., ch. 26, par. 2—706, at 531 (Smith-Hurd 1963).

As stated in *Hall,* the plaintiff bears the burden of proving that the defendant was given proper notice of the sale of the collateral allegedly securing the promissory note before being entitled to a deficiency judgment. Here, as in *Hall,* the parties stipulated to the admission of a copy of the notice of sale sent to defendant. Defendant herein concedes that the notice on its face complies with the requirements of section 9—504(3) of the Code, as did the defendant in *Hall.* In *Hall,* the record presented on review indicated that the actual circumstances *of the sale* varied from those indicated in the notice. The *Hall* court looked to the purpose of section 9—504, to provide the debtor with an opportunity to gather with and bid in the presence of other potential bidders, and to observe that the sale is conducted in a commercially reasonable manner, and found that the actual circumstances of the sale differed substantially from those specified in the notice of sale. The reviewing court found the notice of sale misleading, not accurate, unreasonable, and not in conformity with the requirements of section 9—504(3), and concluded that plaintiff's failure

to provide adequate notice gave rise to the presumption that the value of the collateral was equivalent to the alleged debt on the promissory note, and that the plaintiff had the burden of proving the collateral was sold in a commercially reasonable manner before a deficiency judgment could be allowed. As there was no evidence in the record to support the judgment of the trial court, the order was reversed and the matter was remanded for a new trial. Despite the fact that *Hall* involved deviation between the specific terms of the notice and the actual circumstances of the sale itself, we find the reasoning of that decision is likewise persuasive on the issue raised by the defendant, a deviation between the terms of the notice and the actions taken by the plaintiff secured party.

We have also considered the decisions of other States, and find they are in accord with *Hall* in that strict compliance with the statutory requirements of notice is necessary to obtain a deficiency judgment. See *First Missouri Bank & Trust Co. v. Newman* (Mo. App. 1984), 680 S.W.2d 767; *Graham v. Connecticut National Bank* (Conn. Super. Ct. 1983), 38 UCC Rep. 1421; *Gulf Homes, Inc. v. Goubeaux* (Ariz. 1980), 124 Ariz. 142, 602 P.2d 810.

Herein, as in *Hall,* the statutory requirements of notice to the debtor are to be strictly complied with by the creditor in carrying out the actual sale. If the sufficiency of the notice is challenged, the burden remains with the plaintiff to prove the sufficiency, *i.e.,* the accuracy, of the notice. In this case, the remarks of the defendant in answering the court's question, albeit in passing, is unrebutted testimony that clearly contradicted the terms of the notice of sale. Further, the defendant's unrebutted testimony also suggested a deviation between the place of sale as specified in the notice and where actually conducted. We conclude defendant's testimony was sufficient to place the burden on plaintiff and plaintiff failed to prove proper notice of sale; neither was proof presented as to the commercial reasonableness thereof. Therefore, we find that the plaintiff did not meet the burden of proof required in order to sustain a deficiency judgment under Illinois law.

Accordingly, the order of the trial court is reversed and the matter is remanded to the circuit court of Macon County for a new trial.

Reversed and remanded.

GREEN, P.J., and WEBBER, J., concur.