APOLLO LABEL COMPANY, Plaintiff, v. CURTIS T. SCHULTZ, Defendant-Appellee and Cross-Appellant (Jerome S. Babik *et al.*, Plaintiffs-Appellants and Cross-Appellees; Insurance Benefit Administrators, Inc., *et al.*, Defendants).

First District (5th Division)   Nos. 1—89—0165, 1—89—0250 cons.

Opinion filed November 9, 1990.

Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., of Chicago (Howard M. Cohen, Sharon Swarsensky Bilow, and Wendy B. Kahn, of counsel), for appellants.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. Denardo, Samuel A. Purves, and Christine L. Olson, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs, Jerome S. Babik and Eileen M. Grady, appeal from the trial court's entry of judgment notwithstanding the verdict on count VI of their amended complaint and from the court's judgment in favor of defendant, Curtis T. Schultz, on count VII. Defendant cross-appeals from the denial of his motion for remittitur and new trial. We address the following two issues: (1) whether the evidence, viewed in a light most favorable to plaintiffs, so overwhelmingly favored defendant that judgment notwithstanding the verdict on count VI was proper; and (2) whether judgment in defendant's favor on count VII was against the manifest weight of the evidence. For the following reasons, we dismiss appeal number 1—89—0165 and affirm appeal number 1—89—0250.

Plaintiffs' amended complaint sought recovery for the denial of life insurance benefits under a policy in the name of William F. Grady. Grady's employer, Apollo Label Company (Apollo), obtained the policy. Plaintiffs, the president of Apollo and Grady's widow, were the beneficiaries of the policy.

Plaintiffs voluntarily dismissed Boston Mutual Life Insurance (Boston Mutual) and, due to settlements, agreed to the dismissal with prejudice of New York Life Insurance Company (New York Life) and Insurance Benefits Administrators, Inc. (IBA). On defendant's motion, the trial judge dismissed Apollo as a plaintiff.

The remaining counts of the complaint were directed against defendant. In count VI, plaintiffs alleged that defendant breached his fiduciary duty to Apollo for failing to obtain $50,000 of life insurance coverage on Grady with New York Life. In count VII, plaintiffs alleged defendant violated the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1989, ch. 121½, par. 261 *et seq.*) because defendant misrepresented that the coverage on the policy with New York Life was $50,000. Count VI was tried before a jury, and count VII was tried before the trial judge. The following evidence was presented.

The parties stipulated that Grady worked at Apollo from 1969 through July of 1982 and was a participant in its life insurance plan. On June 1, 1982, Apollo changed its group life insurance coverage from Boston Mutual to New York Life. Grady died on August 7, 1982. Plaintiffs were the beneficiaries under his life insurance policy.

One of the plaintiffs, Jerome Babik, the president of Apollo, testified that Grady was vice-president of the company. Defendant was Apollo's insurance agent and he obtained its insurance policies. IBA was the administrator of the policy but Babik did not communicate

with the company directly. Babik communicated with defendant, whom he trusted.

Apollo had life insurance coverage with Boston Mutual on Grady for $10,000. Effective October 1, 1981, that coverage was increased to $50,000. Defendant sent Apollo certificates of insurance issued by Boston Mutual verifying that the coverage on Grady was raised to $50,000.

Subsequently, Babik received a letter dated April 30, 1982, from IBA, which stated that effective June 1, 1982, its coverages would be underwritten by New York Life. The letter stated that the insurance coverage with New York Life was identical to the former coverage with Boston Mutual. To effect the change in companies, Apollo was required to complete the participation request form and pay the premium no later than June 1. Babik testified that he complied with these requirements. The letter further stated that benefit payments would be processed by IBA but checks would be issued by New York Life. Defendant processed the transfer of companies and told Babik that the coverage would be identical. However, Babik also testified that defendant did not misrepresent any facts regarding Apollo's insurance coverage.

After Grady's death, plaintiffs prepared a New York Life claim form for life insurance benefits in the amount of $50,000 and sent it to IBA. In response, Babik received a letter from IBA dated September 21, 1982, which stated that it could not process the claim as requested. The letter stated, "[i]n lieu [sic] of the fact that the life schedule is $10,000 for each employee, the written amount of $50,000 on the claim form is in error." IBA requested plaintiffs to submit the claim for $10,000. Without objection from defendant, this letter was admitted in evidence.

On defendant's instruction, plaintiffs prepared another New York Life claim form dated October 20, 1982, for $50,000 which was sent to the insurance company. In December of 1982, defendant informed Babik that the $50,000 claim would not be honored because the transfer to New York Life was not handled properly.

After plaintiffs filed suit, New York Life tendered plaintiffs $10,000 plus interest and costs for a total of $11,900 and, subsequently, tendered an additional $12,000.

Defendant, who was called as an adverse witness in plaintiffs' case in chief, testified he was an insurance broker for Apollo. IBA handled the transfer of Apollo's life insurance coverage from Boston Mutual to New York Life. Defendant told Babik that the coverage would be identical but he did not check with New York Life to deter-

mine whether Grady was still covered for $50,000. Defendant believed the coverage with New York Life was $50,000.

After plaintiff rested, defendant testified in his case in chief. Defendant agreed with Babik's testimony that Apollo satisfied IBA's requirements to transfer its coverage from Boston Mutual to New York Life. After the transfer, defendant did not receive a certificate of insurance from New York Life verifying that Grady was covered for $50,000.

The parties stipulated to the admission of a letter dated March 3, 1983, from New York Life to plaintiffs' attorney which stated in part:

"Please be advised that we have conducted a review of this claim and have concluded that no [l]ife benefit is payable. According to the facts as we understand them to be, Mr. Grady last worked in March of 1982. As you are aware, New York Life became the insurance carrier for Apollo *** on June 1, 1982. Our Group Policy Employees to be Insured Provision states in pertinent part that an employee will not be eligible for insurance coverage until which time he satisfies an actively-at-work requirement. Since Mr. Grady did not return to work prior to his death and thus never fulfilled the contractual requirement, no [l]ife benefit is payable.
***
Of course, *** if you feel our decision is based on misinformation, or if you are in possession of additional information you would like to present for our consideration, please write me promptly."

The parties also agreed that the letter was incorrect because Grady was working at Apollo on June 1, 1982.

The jury returned a verdict in plaintiffs' favor on count VI, which alleged breach of fiduciary duty, and awarded $65,800 in damages, interest, and attorney fees. However on December 8, 1988, in ruling on defendant's post-trial motion, the trial judge set aside the jury's verdict on count VI and entered judgment notwithstanding the verdict in defendant's favor. The trial judge entered judgment in defendant's favor on count VII, which alleged defendant violated the Consumer Fraud and Deceptive Business Practices Act.

Plaintiffs' post-trial motions were denied as well as defendant's remaining post-trial request for attorney fees, remittitur, and new trial.

On January 6, 1989, plaintiffs filed their second post-trial motion pursuant to section 2—1202(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1202(c)), asking the court to vacate the en-

try of judgment notwithstanding the verdict on count VI. On the same day, plaintiffs also filed a notice of appeal (No. 1—89—0165) from the December 8, 1988, order. Plaintiffs' post-trial motion was denied on January 13. Defendant filed a cross-appeal on January 17. On January 19, plaintiffs filed a second notice of appeal (No. 1—89—0250), from the December 8 and January 13 orders. On January 27, defendant filed a second cross-appeal.

OPINION

■ Initially, we must dismiss plaintiffs' first appeal (No. 1—89—0165), which was filed on the same day as their second post-trial motion. As a result, defendant's first cross-appeal is also dismissed. Plaintiffs' appeal was premature because their post-trial motion was pending and, therefore, the notice of appeal had no effect. 134 Ill. 2d R. 303; *Chand v. Schlimme* (1990), 138 Ill. 2d 469.

Turning to the merits of the appeal, plaintiffs argue that the trial judge erroneously entered judgment notwithstanding the verdict on count VI in defendant's favor. Count VI alleged defendant breached his fiduciary duty by failing to obtain $50,000 of life insurance coverage from New York Life. The jury returned a verdict for plaintiffs but the judge set aside the verdict stating that plaintiffs failed to prove that New York Life did not insure Grady for $50,000. On appeal, plaintiffs contend that the evidence at trial established New York Life did not insure Grady for $50,000 and, therefore, judgment notwithstanding the verdict was improper.

■ Judgment notwithstanding the verdict should be entered when all of the evidence, viewed in a light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Owens v. Stokoe* (1986), 115 Ill. 2d 177, 503 N.E.2d 251, citing *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) If the evidence demonstrates a substantial factual dispute or if the assessment of witnesses' credibility or a resolution of conflicting evidence may be decisive to the outcome, the trial judge should not set aside the jury's verdict. *Lee v. Grand Trunk Western R.R. Co.* (1986), 143 Ill. App. 3d 500, 492 N.E.2d 1364.

■ In this case, the evidence presented at trial does not reveal a substantial factual dispute and there is no issue presented concerning the credibility of witnesses or resolution of conflicting evidence. The parties stipulated to the admission of relevant evidence and the witnesses' testimony was basically consistent.

Primarily, the parties disagree as to whether the evidence pre-

sented established that New York Life insured Grady for $10,000 rather than $50,000. Plaintiffs rely on the letter from IBA to Babik, refusing to process their claim for $50,000 because the life schedule was $10,000 for each employee. Plaintiffs contend that because IBA administered Apollo's insurance, the letter was the equivalent of New York Life stating that the policy coverage was $10,000. Plaintiffs also argue that although New York Life initially denied plaintiffs' claim because Grady was not actively at work when the policy was transferred, its subsequent settlement with plaintiffs, initially for $10,000, established the amount of the policy coverage was only $10,000. Further, plaintiffs relied on the parties' stipulation that Grady worked at Apollo through July 1, 1982, and therefore, he was actively at work when the coverage transferred to New York Life.

■ Despite plaintiffs' claim, New York Life's initial settlement with them for $10,000 did not establish that its coverage on Grady was $10,000. Settlement is not proof of liability. *Pientka v. Board of Fire Commissioners of the North Main Fire Protection District* (1984), 125 Ill. App. 3d 124, 465 N.E.2d 677.

■ However, this issue is not decisive. Whatever the coverage limit on the policy, the evidence established that New York Life denied plaintiffs' claim based on its belief that Grady was not actively at work at the time the policy was transferred. Although the parties agreed at trial that New York Life's belief was incorrect, there is no dispute that New York Life denied plaintiffs' claim for that reason. The evidence, when viewed in a light most favorable to plaintiffs, established that even if defendant was negligent in failing to obtain $50,000 of coverage, New York Life denied the claim for failure to fulfill the policy requirements. Plaintiffs did not present evidence that any negligence on defendant's part resulted in the denial of their claim. Accordingly, the entry of judgment notwithstanding the verdict on count VI was proper.

Plaintiffs also argue that the trial judge, as the trier of fact on count VII of their complaint, improperly entered judgment in defendant's favor. Count VII alleged defendant violated the Consumer Fraud and Deceptive Business Practices Act (Act) (Ill. Rev. Stat. 1989, ch. 121½, par. 261 *et seq.*) when he misrepresented that Grady had life insurance coverage with New York Life for $50,000. On appeal, plaintiffs argue that the evidence at trial established the essential elements of a cause of action under the Act.

■ The trial court's judgment will not be disturbed unless it was against the manifest weight of the evidence. *First National Bank v. Wolfe* (1985), 137 Ill. App. 3d 929, 485 N.E.2d 46.

The parties argue whether or not a public injury is required to recover under the Act; however, this issue was resolved with a recent amendment in section 10a(a) of the Act stating, "[p]roof of a public injury, a pattern, or an effect on consumers generally shall not be required." Ill. Rev. Stat. 1989, ch. 121½, par. 270a(a).

Under the Act, plaintiffs were required to establish that defendant's alleged misrepresentation caused them damage. (Ill. Rev. Stat. 1989, ch. 121½, par. 270a(a); *Warren v. LeMay* (1986), 142 Ill. App. 3d 550, 491 N.E.2d 464.) However, as noted previously, because New York Life denied plaintiffs' claim based on its belief that Grady did not fulfill the policy requirements, plaintiffs could not prove that defendant's alleged misrepresentation caused them to lose $50,000 in coverage. Therefore, the judgment in defendant's favor on count VII was not against the manifest weight of the evidence.

Based on our decision, it is not necessary to address plaintiffs' remaining arguments and defendant's cross-appeal.

Appeal number 1—89—0165 is dismissed, and appeal number 1—89—0250 is affirmed.

No. 1—89—0165, Dismissed.
No. 1—89—0250, Affirmed.

MURRAY and GORDON, JJ., concur.